IGNATIUS DONNELLY, Appellant, *vs.* JOHN W. SIMONTON, *et. al.*
Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

In an action to remove a cloud upon the title to real estate, it is not necessary to allege that the Plaintiff is in actual possession of the premises, where it appears that he is owner in fee simple of the land in question.

Upon a mortgage foreclosure sale by advertisement, the purchaser does not obtain the legal title of the premises, until the expiration of the time for redemption.

## Points and Authorities for Appellant.

I.—The action is not under the statute, which requires actual possession to sustain it. It is not to settle any question of title, for Plaintiff's title is not disputed. But it is brought under the old head of equity jurisdiction, stated in 2 *Story Eq. Juris., sec.* 705:

"When a deed or other instrument originally valid, has by subsequent events, such as by a satisfaction or payment, or other extinguishment of it legal or equitable, become *functus officio*, and yet its existence may be either a cloud upon the title of the other party, or subject him to the danger of some future litigation, when the facts are no longer capable of complete proof, or have become involved in the obscurities of time."

II.—Courts of equity always gave a remedy for a wrong, where the party had not an adequate remedy at law. But they never denied the remedy on the assumption that possibly the Defendant, if applied to, would right the wrong. In the equity practice, Defendant, if he did not insist on maintaining the void deed, disclaimed in his answer, and complainant got his decree, but paid his own costs. In this case the question whether Plaintiff made a proper demand for the Defendants to clear off the cloud, does not go to the cause of ac-

tion, but would go to the question of costs, if he asked them against Defendants.

In regard to the cause of action, according to the principles of equitable jurisdiction, the only questions are—

1st. Are the records of mortgage assignments, proofs of sale, &c., a cloud on Plaintiff's title.

2d. Have they become void by "satisfaction, payment, or other extinguishment, legal or equitable."

An assignee of the mortgagee having become the purchaser at the mortgage sale, and the Defendants having acquired the interest of such purchaser, they stand precisely as. the mortgagee would have stood had he purchased. And under our statute the mortgagee purchasing requires no deed to pass the title to him, so that the records, after the sale become complete by expiration of the time to redeem, are evidences of absolute title in Defendants. And there is no provision to make the fact of redemption, (the payment of money, &c.,) a matter of record. So that after the time to redeem expires, Defendants are apparently, by the record, the absolute owners of Plaintiff's property, and the only way in which Plaintiff could ever in future defeat their *prima facie* record title would be by oral testimony of the fact of payment.

The records are therefore a cloud on Plaintiff's title.

Have those evidences of title become extinguished? They have if there was a good redemption; and that depends on whether, where two persons purchase at a mortgage or execution sale, the premises may be redeemed by payment of the redemption money to one.

The interest of the purchaser is not real estate until the sale is complete by expiration of the time to redeem. Until that time his interest is only a lien. And the sale is not complete until the time to redeem expires. See *Comp. Stat.* 645, sec. 12; *Daniels et. al. vs. Smith,* 4 *Minn.,* 172.

Until the sale is complete the interest of the purchaser and the right to receive the redemption money is of a personal nature, and not real estate. *Same case, p.* 182.

And two or more purchasers are owners in common of the debt, lien, incumbrance, right, or by whatever name it is called, and each is a trustee for all to receive payment and to give a release.

" There can be no doubt that where there is such a unity of interest as to require the joinder of all parties interested in a matter of a personal nature, the release of one is as effectual as the release of all." *Decker vs. Livingstone*, 15 *John.*, 480; *Austin et. al. vs. Hall*, 13 *John.*, 286 ; 9 *John.*, 450, *Waters vs. Travis.*

The proper redemption being established, Plaintiff's right to judgment is made without any application to Defendants to remove the cloud.

But if such application were needed, the demand by Plaintiff of Simonton, who received and had authority to receive satisfaction, and consequently to release, to make to Plaintiff the evidence which the statute provides of satisfaction of mortgage liens, was application to them; as each of the joint creditors was the agent of both to receive and acknowledge satisfaction, the refusal of one to acknowledge said satisfaction upon receiving it was the refusal of both.

Points and Authorities for Respondent.

I.—The complaint does not allege such a title in Plaintiff as authorizes him to bring this action. Possession (the strongest evidence of title), either by himself or tenant, is necessary to enable Plaintiff to remove a cloud ; without possession he has not a perfect title, and the Court will not remove a cloud from an imperfect title. The statute *p*. 595, *sec.* 1, is only declaratory of the common law, and no case can be found where a party not in possession has been allowed this remedy. See 2 *Minn. R.* 153 ; 5 *Minn. R.*, 238–9. The cases of *Pross vs. Dahl, and Pross vs. Nash, Case & Sheehy*, are consistent with this view ; for in each of these cases the Plaintiff was in possession by tenant. When a party goes into possession under a contract for purchase, he is a tenant at will, and his possession is that of his grantor, and the grantee cannot make it adverse. *Taylor's Landlord and Tenant, chap.* 2, *p.* 46; *John Newby vs. Jackson*, 1 *Barnwell & Creswell, p.* 448.

II.—The Court will not assist the Plaintiff unless he shows that he is without a plain remedy elsewhere, either at law or by consent of Defendants. In order to do this the complaint

must show, that prior to the commencement of this action, the Defendants have refused to release this estate after a valid redemption.

*a.* A mortgagee in this State has no "estate" or "interest" in the lands mortgaged; he has, before sale, neither the possession nor the right of possession, (*Comp. Stat.* 596 *sec.* 11, *changes the common law*), nor (since the distinction between common law and equity jurisdiction has been abolished, and "equity" now is "common law"), has he even the "legal title," the "mere right of property," but only the control of, or an "interest" in the same to secure his debt. Hence, under our system, it is absolutely true that the mortgagee has only a chattel interest, the same as that of the pledgee in the pledge, who is vested only with the power to control the title of the pledge in order to enforce payment of his claim; he is not owner of the pledge.

But by the sale the legal title in fee passed; and the mortgage having been made in A. D. 1857, and the sale being made pursuant to a power contained in the mortgage, the provisions of the *Rev. Stat. and Comp. Stat. p.* 645, *sec.* 11, apply. See *Stone vs. Bassett,* 4 *Minn.,* 278, *per Flandrau; Hayward vs. Judd,* 4 *Minn.,* 483, *per Atwater; Freeborn vs. Pettibone,* 5 *Minn.,* 277. Therefore after the sale under the power, the Defendants, being purchasers, acquired the legal title with the right of possession; in other words, a conditional estate in the lands, and thereby became tenants in common. *See Story's Eq. Jur. sec.* 1206.

They no longer hold anything as security for the debt; for the debt was paid and extinguished by the sale. There could be no security, being no debt. 2 *Hill on Mortg., p.* 338; *Bassett vs. Mason,* 18 *Conn.,* 131.

Now one tenant in common cannot release or convey the several estate of the others as well as his own, and the demand being made upon one for such a release, the refusal was a refusal by neither.

A demand should have been, and must yet be made upon each for a release of his several interest or estate, and upon refusal, separate actions should be brought against each, and not an action to remove a cloud, but to enforce a reconvey-

ance. *Comp. Stat. p.* 401, *sec.* 39, makes a request a condition precedent to any obligation ; of course a proper request is necessary.

J. & C. D. GILFILLAN, Counsel for Appellant.

BRISBIN & WARNER, Counsel for Respondents.

*By the Court*—ATWATER, J.—This was an action brought by Appellant to remove a cloud upon title to real estate. The complaint discloses substantially these facts, viz : that in May, 1857, Plaintiff executed a mortgage upon certain lands in Ramsey county, to Robert Smith, to secure the payment of the sum of $1500 ; that Smith assigned the mortgage to Peter Berkey ; that Berkey foreclosed the mortgage in October, 1858, and purchased the premises himself ; that affidavit of sale was made by the deputy sheriff, who acted as auctioneer, which with the affidavit of publication of notice of sale were filed and recorded in the proper office, and also a certificate of sale from the same officer ; that in February, 1858, Berkey and wife assigned the certificate of sale to Defendants, which was also recorded ; that in September of the same year, the Plaintiff paid Simonton the amount for which said premises were sold, with interest ; that Plaintiff is owner in fee of the premises ; that the mortgage, assignments, affidavits, and certificate still remain of record in the office of register of deeds of Ramsey county, and are a cloud and incumbrance upon the title to said premises ; that in October, 1859, Plaintiff caused to be drawn a certificate in writing, acknowledging the payment of said money on said redemption, and satisfaction of said mortgage, and caused the same to be presented to Defendant Simonton, to be by him executed and acknowledged, and tendered at the same time his reasonable charges therefor, but that said Defendant refused to execute and acknowledge the same, &c.

The Defendants demurred to the complaint, and the demurrer was sustained, and from the order entered thereon, Plaintiff appeals.

The first objection here raised to the complaint, is that the

Plaintiff cannot maintain this action, as he does not allege that he is in possession of the premises, from which the cloud is sought to be removed. I think this objection is not tenable. The Plaintiff alleges that he is owner in fee simple of the lands mortgaged, and it does not appear that any other one has any interest therein. This is not an action under the statute to determine an adverse claim, the title of the Plaintiff standing undisputed. The jurisdiction of a court of equity to entertain an action of this kind, has long been recognized, and we do not find any cases which hold that actual possession is necessary in order to maintain the action. Story, in his *Equity Juris.*, 705, states the doctrine, that a court of equity will interpose its aid, "where a deed, or other instrument, originally valid, has, by subsequent events, such as by a satisfaction, or payment, or other extinguishment of it, legal or equitable, become *functus officio;* and yet, its existence may be either a cloud upon the title of the other party, or subject him to the danger of some future litigation, when the facts are no longer capable of complete proof, or have become involved in the obscurities of time." See also, *Mad. Ch. Pr.*, 178; *Willard's Eq.*, 303-4; 1 *J. C. R.*, 517; 5 *Paige*, 501; 2 *Paige*, 482. In *Bromley vs. Holland*, 7 *Ves.*, 3, Lord Eldon states the principle that "it was not unwholsome that an instrument should be delivered up upon which a demand may be vexatiously made as often as the purpose of vexation may urge the party to make it." The principle upon which these authorities are based, and the reason given for the interference of a court of equity, precludes the idea that actual possession is a necessary pre-requisite to maintaining the action. Wherever the instrument may be used to the injury of another, whether it be of record or otherwise, Courts will, in the exercise of a sound discretion, interfere to prevent the impending injury, or one which may even by possibility accrue.

It is further objected that by the sale, the legal title of the property passed to the assignee of the mortgage, and was conveyed by him to the Defendants, who hold the real estate as tenants in common; and that a demand upon *one*, for a release of the interest of *both*, was not good in law. That inas-

Donnelly v. Simonton et al.

much as one tenant in common in real estate, cannot release the interest of both, such a demand would not be available for any purpose.

In view of this objection, and the facts presented by the case, it becomes necessary to determine what interest the purchaser of premises sold under foreclosure by advertisement takes in the property. In this case, the assignee of the mortgagee purchases the mortgaged premises, and then assigns his interest to the Defendants. Their title is therefore that of purchasers at the sale, and its nature must be determined, and become subject to the provisions of the statute in relation thereto. I think it is true as claimed by Respondent, that upon the sale of mortgaged premises by advertisement, the legal title vests in the purchaser, and he becomes the owner of the land. The principal difficulty in the matter is to determine what constitutes a sale, or when the sale becomes an act fully completed. Is it when the sheriff or other proper person, offers the premises at public auction, and knocks them down to the highest bidder? Or not until the time for redemption expires, and the purchaser obtains his deed in pursuance of the provisions of the statute? It is somewhat difficult to determine from the language of the statute (*chap.* 75, *Comp. Stat.*,) what the intention of the legislature was in this regard, since sometimes the one, and sometimes the other, are spoken of as the sale. From a careful examination of the whole chapter however, and subsequent enactments, it becomes, I think, apparent that the intention was not to vest the title, (certainly not the absolute title,) in the purchaser, until the expiration of the time for redemption.

*Sec.* 12 *of chap.* 75, above cited, provides for the *completion of the sale*, by the execution of a deed after the expiration of the time for redemption. And *sec.* 17 provides that a record of the affidavits aforesaid, and of the deed executed on the sale of the premises, shall be *sufficient to pass the title thereto*. And upon redemption being made in accordance with *sec.* 11, "the said sale, and the certificate granted thereon as aforesaid shall be null and void." By our statute a mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real

property without a foreclosure. *Sec.* 11, *Comp. Stats., p.* 596. Under this statute, it is admitted by Respondent that the mortgagee has no " estate " or interest *in the land* mortgaged, that he has before sale neither possession nor right of possession, and only has a chattel interest.    It is difficult to see what greater interest the purchaser has after sale, (before the time for redemption has expired,) save that ,the interest of the purchaser in the land, is to secure the amount paid, rather than the original debt. The purchaser is bound to accept this amount when tendered to him, and when paid the interest of the purchaser in the land ceases.

We think this view is strengthened by reference to an "act to regulate judicial sales of real property and. redemption thereon." *Sess. Laws* 1862, *p.* 72.    *Sec.* 4 of said act provides that "such certificate being so proved or acknowledged and recorded, shall, upon the expiration of the time for the owner of the real property sold, or his assigns, to redeem, operate as a conveyance to the purchaser, &c., of all the right, title and interest in the property sold," &c.    *Sec.* 7 of the same act provides that the interest acquired upon any sale mentioned in *Sec.* 3 of this act, shall be subject to the lien of any attachment or judgment duly made or docketed against the person holding the same as in case of real property ; and may be attached or sold upon execution, in the same manner as real property is attached or sold."    These provisions make the intention of the legislature more manifest, as to the title held by the purchaser in these cases. The certificate is to "operate as a conveyance" after the time for redemption has expired. And the "interest" of the purchaser by special provision, is made subject to execution, a provision which could hardly have been necessary, if by the purchase, the purchasers in this case became tenants in common in the land itself, as claimed by Respondent.

In *Daniels vs. Smith,* 4 *Minn.,* 172, we held that, strictly speaking, no title passes by the sale itself, (that is, by the actual bidding off the property at public auction.) It was there stated that the sale, payment of the amount bid, and giving of the certificate provided for by the statute, has about the same effect as an escrow, which is a deed executed and deliv-

ered to some third person to keep until some act is done or condition performed, and then is to be delivered to the grantee and to become of full effect. But until this second delivery the title to the premises remains in the grantor. Until this time, the mortgagee, (or in this case the purchaser) holds the real estate, whatever may be the nature of his title, only for the purpose of securing the amount bid upon the premises: that is, his interest is liable to be divested at any time, whenever such amount is paid, before the expiration of the time for redemption.

If this view be correct, the legal title to the land does not vest in the purchaser until after the expiration of the time for redemption ; and in this case, the assignees of the purchaser do not become tenants in common, of the land. We think a tender to one of two joint mortgagees before sale would be a good payment, and a satisfaction of the mortgage by him would discharge the lien ; the mortgagees standing in the relation of joint creditors of the mortgagor for the debt secured by the mortgage. Practically the same relations would seem to exist between the purchasers at a sale, and a party having the right of redemption, in regard to the amount bid. They have no right of possession, (when interest is paid,) until the expiration of the time for redemption, and hold the land only as security for the amount bid. We think therefore that the payment of the money to one of the Defendants, and the demand from him of a release or satisfaction, was sufficient to entitle the Plaintiff to maintain the action.

By the provisions of the statute in force at the time this sale was made, when the mortgagee became the purchaser, the affidavits of the publication and affixing notice of sale, and of the circumstances of such sale, became evidence of the sale, and of the foreclosure of the equity of redemption, without any conveyance being executed. The Defendants therefore would appear by the records to be the legal owners of the premises, although in fact having no interest in the same after a redemption. The statute has provided that a mortgagee shall execute the proper satisfaction of a mortgage upon payment of the same, and has affixed a penalty for a

refusal, after request and tender of the necessary fee or expense. The statute has omitted to provide the means whereby the mortgagor, or party in interest, may have the records clear, upon redemption after sale, although it is manifestly as necessary and important, as in case of payment before sale. The mortgagor is therefore obliged to resort to a court of equity to obtain the relief sought, and to which he has shown himself entitled.

The order sustaining the demurrer is reversed, and the cause remanded to the District Court for such further proceedings as may be proper.