JAMES E. ADAMS, Plaintiff in Error, *vs.* JOHN T. CORRISTON, Defendant in Error.

ERROR TO THE DISTRICT COURT OF NICOLLET COUNTY.

A complaint which alleges that on a certain day the Plaintiff owned and possessed certain property, and that afterwards on or about the same day the Defendant took and carried away said property and detains the same against sureties and pledges, to the damage &c., states a cause of action against the Defendant.

It is not unconstitutional to require a party who demands a jury trial, to advance a reasonable jury fee.

The owner of a mortgage of real estate is not entitled, without a foreclosure, to the possession of the lands mortgaged. nor to timber growing thereon, or cut therefrom after default in the payment of the money secured by the mortgage.

Points and Authorities of Plaintiff in Error.

I.—The Court below erred in overruling the Defendant's (now Plaintiff in Error) motion for judgment upon the pleadings, (the complaint.)

1. Because the complaint contains no cause of action, and does not show that either law or justice has been violated.

2. The complaint also does not allege or set up that either the taking or detention of the timber was wrongful or tor-

tious or unlawful, or in any manner obnoxious to law or justice. *Chit. on Pl.*, 162, (*side page*);3 *Black.*, 146, (*side page*); 2 *Chit on Pl.*, 843; 2 *Monell's Prac.*, 278; *Howe's Prac*, 79; *Van Sant. Pl.*, 278; *Van Sant. App. Precedents*, 493; *Comp. Stat. Minn., p.* 512, *sec.* 87.

II.—The Judge of the District Court erred in denying the Defendant a jury trial and in trying the cause himself, upon the Defendants declining to advance three dollars for jury fees. A jury trial was claimed by Defendant, and Defendant excepted and objected to the Courts trying the action. In violation of the constitution and express enactments of the Legislature as well as of other considerations, the Defendant was required to advance his money for the inalienable right of a jury trial, or be deprived thereof. *Const. Minn, art.* 1, *sec.* 4 *and* 8; *Comp. Stat., p.* 557, *sec.* 6, *and* 562, *sec.* 40; *Weller vs. City of St. Paul,* 5 *Minn.,* 95.

III.—The Court erred in giving judgment for the Plaintiff upon the facts found.

1. The facts found do not support the complaint.

2. The timber when taken by Defendant was upon the premises of Mr. Cullen; hence he would be the presumptive possessor of it, and presumptively entitled thereto.

3. No damage was shown either to give force to the allegation of damages in the complaint, or to show a wrongful or unlawful taking or detention of the timber.

4. The claims of the Plaintiff are built upon fraud and cannot be respected or enforced in courts of justice. Fraud vitiates and destroys all transactions as against innocent parties. *Silsbury vs. McCoon,* 3 *Comst.,* 379, *and notes*; *Van Pelt vs. McGraw et al.,* 4 *Comst.,* 110.

5. The timber being a chief portion of the realty, could not have been changed to personal property without the consent of the Defendant (or his principal), or absolute conversion of its species. The mere laying it with the axe upon the ground is no change of its species, it is timber still. *Silsbury vs. McCoon,* 3 *Comst.,* 378.

The timber belongs to the rest of the mortgaged premises, rather than to Plaintiff, and as he has no claim to them, he has none to it, while Defendant has both.

6. The legal title as well as the virtual estate of the mortgaged property, of which the timber was a part and portion, was in the owner of the mortgage. And as Defendant, in behalf of the said owner, was in possession of the timber at least, and in lawful possession, for aught that has been shown, of the timber and not of the said property, his possession will not be disturbed. *Pace vs. Chadderdon*, 4 *Minn.*, 499.

The owner of the mortgage, (especially after default, as in the case at bar,) has a right to the timber cut from mortgaged premises wherever he can find it, or, if it be converted or destroyed, can recover its value of the wrongdoers or any of them. *Gore vs. Jennese*, 1 *Apple* (19 *Maine*,) 53; *Lull vs. Mathews*, 19 *Vt.*, 322; *Van Pelt vs. McGrow*, 4 *Comst.*, 110; *Bussey vs. Page*, 2 *Shepl.*, (*Maine*,) 132; *Frothingham vs. McCusick*, 11 *Shepl.*, 403; *Langdon vs. Paul*, 22 *Vt.*, 205; *Thomas vs. Crofut*, 4 *Kernan*, 474; *Smith vs. Goodwin*, 11 *Maine*, 173; *Fernald vs. Linscott*, 6 *Maine*, 234.

Points and Authorities of Defendant in Error.

I.—The complaint is sufficient, and shows a good cause of action. Under our statute it is not necessary to allege or prove a wrongful or unlawful taking of personal property to maintain an action for the recovery of the possession thereof, though it is done in this case.

II.—Whatever may be the interest or estate of the mortgagee in the real estate mortgaged after forfeiture of the condition of the mortgage, it is very clear that he cannot maintain an action for the recovery of the possession of the land or of timber cut upon the land prior to foreclosure. *Cooper vs. Davis*, 15 *Conn. Rep.*, 556; *Lane vs. Hitchcock*, 14 *John. R.*, 213; *Gardner vs. Heart*, 3 *Denio Rep.*, 232; *Waring vs. Smith*, 2 *Barb. Ch. Rep.*, 135; *Davis vs. Anderson*, 1 *Kelly R.*, 176; *The State vs. Lawson*, 1 *Eng. Rep.*, 269; *Boort vs. Boyd*, 3 *Sand. Ch. R.*, 501; sec. 11, chap. 64, *Comp. Stat.*, 596.

If he cannot maintain such an action, it follows, as a logical conclusion, that he cannot defend his possession wrongfully taken by such title or interest.

But the Plaintiff in Error has no right to make this ques-

tion on the return to the writ of error in this case. There is not anything in the record competent to show that the Plaintiff in Error or his wife was mortgagee of the land on which the timber was cut.

III.—The tax on trial by jury in civil actions is valid. The right and power of the Legislature to tax litigation in aid of the judicial fund cannot be questioned, and as a means of collection of the tax any particular proceeding or step in a case may be conditioned upon its payment. It is so in justices' courts, and the validity of the act requiring it, has never been questioned. It is so in other states whose constitutions as forcibly as ours preserve the right of trial by jury.

HENRY L. WARNER, Counsel for Plaintiff in Error.

CHATFIELD & BUELL, Counsel for Defendant in Error.

*By the Court*—EMMETT, C. J.—This action was commenced before a Justice of the Peace, from whose judgment therein an appeal was taken to the District Court, where pleadings were filed anew.

The complaint alleges that the Plaintiff (Defendant in Error) on or about a day therein named, owned and possessed certain timber of the value of fifty dollars ; and that the Defendants afterwards, and on or about the same day, took and carried the said timber away, and detains it against sureties and pledges, to the damage of the Plaintiff in the sum of fifty dollars, besides the value of the property. Judgment is then demanded for a return of the property to the Plaintiff, or that he recover the value thereof, with his said damages for the taking and detention, etc.

The answer denies that the Plaintiff below owned or possessed the property. It admits the taking and detention complained of, but alleges property in a third person by whose authority the Defendant below acted in the premises.

And as a further defence, the answer alleges that the timber in question had been cut on lands which were at the time mortgaged to secure the payment of a certain sum of money; that it was cut and hauled off the mortgaged premises by the mort-

gagor after default in the payment of the sum secured by the mortgage, and with the design of defrauding thereby the owner of the mortgage; that said mortgagor afterwards transferred the same to the Plaintiff without adequate compensation; that the Plaintiff at the time had full knowledge of all the facts before stated, and confederated and colluded with the mortgagor fraudulently to purchase or pretend to purchase said timber; that the Defendant, as the agent, and by authority of the assignee of said mortgage, took and carried away the timber as he lawfully might; and that the mortgage had been assigned and transferred to his principal prior to the time said timber was cut, as before stated.

The reply denies that the timber was the property of Maria T. Adams, as alleged in the complaint; and also puts in issue the alleged agency of the Defendant.

On the trial in the District Court, the Defendant demanded a jury, but declined paying the jury fee required by the statute, and thereupon the action was tried by the Court, and the Defendant took his exception.

The Court found the facts substantially as set up in the second defence of the answer, except as to the allegation of an intention to defraud, and as to that the judge found that the Plaintiff purchased the timber from the mortgagor, with a knowledge that it had been cut and removed from the mortgaged premises, after default in the payment of the mortgage, and after he had been notified that the assignee of the mortgage would claim said timber. He also found the value of the timber to be twenty-one dollars.

From the facts the Court found, as a conclusion of law, that the Plaintiff below was the owner of the property at the commencement of the action, and entitled to the possession thereof, and thereupon entered judgment for the Plaintiff.

The Defendant then sued out his writ of error, and now insists, that the complaint does not state a cause of action; that he was entitled to a trial by jury without advancing the jury fee; and that the facts found by the Court entitled him to a judgment in his favor.

As to the sufficiency of the complaint, we think enough is stated to entitle the Plaintiff to a judgment, if the facts are

all admitted. The party pleading is required to state facts only—not legal conclusions, nor the legal effects of the facts. The form adopted in this complaint is identical with that given by Chitty for the action of replevin, except that the Plaintiff here does not allege in terms that the detention complained of is " unjust." But as the detaining of another's property against sureties and pledges, is what makes the act unjust, we think it is sufficient for the Plaintiff to allege this fact, without drawing the conclusion that it was unjust so to detain it. To state that such detention is unjust to the Plaintiff, is but alleging the legal effect of the fact stated. The Defendant, in our opinion, is sufficiently advised by this complaint, of the nature and character of the claim made against him, and that is all that is required of the Plaintiff. The old distinctions, to which we have been referred, are substantially done away by our statute. And whether the action under the old system, should have been trespass, case, trover, detinue or replevin, can make no material difference, so long as the Plaintiffs state the facts as they exist. A single form of action is sufficient under our system ; and, as has been well said, the defendant should not be permitted to defeat the action by merely giving it a name.

The objection to the jury fee, we do not think is well taken. It is altogether too broad. It is not that the fee is so unreasonably high as to impede the due administration of justice, but because a fee is charged at all.

We can see no valid objection to a reasonable fee of this kind. The constitution does not guarantee to the citizen the right to litigate without expense, but simply protects him from the imposition of such terms as unreasonably and injuriously interfere with his right to a remedy in the law, or impede the due administration of justice. And that a party who demands a trial by jury, should be required to advance a small jury fee, whether it is considered as a tax on litigation, or as a part of the expense which is necessarily incurred in his behalf, seems no more liable to a constitutional objection, than is the requirement that the fees of the clerk, sheriff and other officers shall be paid in advance when demanded. If the clause in the constitution means that we shall be per-

mitted to litigate literally " without price," there is an end to all fees, from the issuing of the summons to the entry of satisfaction of the judgment.

The other point made by the Plaintiff in Error, (the Defendant below), that he is entitled to a judgment upon the facts found, is based entirely upon his construction of the mortgage deed. He insists that the legal title to lands mortgaged, passes at once, or at least upon default, to the mortgagee, with a condition *subsequent*, by which the mortgagor may regain the title. But, however true this may be, according to the strict letter of the mortgage, in effect the condition is *precedent*, enabling the *mortgagee* to turn into a legal title, that which before was a mere claim or lien. 1 *Hill. on Mortgages*, 103. The mortgagor, notwithstanding he is considered at law to have conveyed away the legal title, has long been treated in equity as the owner of the fee, until after foreclosure, or entry on default, while the interest of the mortgagee is regarded, not as an estate in fee, but a mere lien or security. *Id.*

One of the necessary consequences of this doctrine that the legal title passed to the mortgagee, was that the mortgagee, unless otherwise expressly agreed, could enter into the immediate possession of the mortgaged premises. This was a concession to the courts of law, who for a long time stubbornly insisted on a strict construction of the mortgage contract; but while the courts of equity conceded the possession to the mortgagee, they held him strictly accountable for the rents and profits, so that the only advantage he gained by entering upon the land, was the barren privilege of managing it without fee or reward.

To avoid, however, the giving of even this poor privilege to the mortgagee, and probably with a view of making a mortgage at law as nearly as possible what it is in equity, several of the States interfered by statutes, declaring that the mortgagor should have even this right of possession, until after breach of the condition. Other States, our own among the number, have gone still further, and declared that a mortgage of real property shall not be deemed a conveyance, so as to enable the owner thereof to recover the possession of the

Adams v. Corriston.

property mortgaged without a foreclosure. *Comp. Stat.* 596, *sec.* 11. This, it appears to me, deprives the mortgagee of the only material advantage which remained to him from being considered the owner of the fee ; and although, out of defer- ence to the past, we may still regard him as the legal owner, he is such in theory only, having no right to interfere with the possession save by consent of the mortgagor.   The effect of the change just referred to, is to dissipate whatever of title he may formerly have had, beyond that of a mere lien or se- curity.   And although the mortgagee may, by obtaining a strict foreclosure, eventually secure the possession, and thus complete his title under the mortgage, yet, as the Courts may, and in practice generally do, direct the property to be sold, even when a strict foreclosure is asked for, he is by no means certain of ever perfecting that title, which the mort- gage purports to convey.   And if the property, by direction of the Court, or otherwise, be sold to satisfy the mortgage, the purchaser, when he receives his deed, takes, not the title of the mortgagee, for that is extinguished by the application of the proceeds of the sale ; nor does he take simply the title of the mortgagor at the time of the sale, for that is incom- plete ; but he takes the title which was in the mortgagor at the time the mortgage was given, which is equivalent to both.

The Defendant predicates this last point, and in fact his whole defence or justification, upon the position that the mortgagee is the owner of the fee, and as such entitled to the possession of the land, at least after default, and hence, he argues, that he was entitled to the possession of the timber growing thereon, etc.   We might admit his premises, and yet it would not follow with certainty that the owner of the mort- gage could follow the timber, after it had once been severed from the land.   But it is unnecessary to consider this ques- tion further, inasmuch as we have seen, that under our stat- ute, the owner of the mortgage has no right to the possession of the lands, from which alone the right to possess the timber is inferred.

The cases cited from Maine and Vermont, are not entitled to any controlling weight here, because in those States the

right of the mortgagee to take possession of the premises mortgaged, is recognized by statute.    In the former, he is authorized to enter at any time, and in the latter immediately after condition broken.    The cases cited from the State of New York, are equally unsatisfactory, because they involved only the question, whether a mortgagee could maintain an action against another for impairing his security by cutting timber, etc., on the mortgaged property.    This case, however, stands on entirely different grounds.    The right of the mortgagee to maintain an action against any one impairing his security, by no means involves a right to take possession of the mortgaged property, even independent of the statute.    But, as we have before stated, our statute, while it affords to the mortgagee the means of protecting his security, by injunction and other-wise, against the mortgagor or other person, expressly de-prives him of his common law right of possession before foreclosure,—a right essential to the defence in this action. When the Defendant took possession of the timber in contro-versy, neither he nor his principal could have gone upon the mortgaged premises, against the consent of the mortgagor, without becoming liable as a trespasser ; and if the owner of the mortgage has no right to the possession of the land, it is difficult to see how he could rightfully have possessed himself of the timber as an incident thereto.    He could not maintain an action to recover the possession of either the land or the timber cut therefrom ; nor can he for the same reason, suc-cessfully defend a possession wrongfully obtained.    The one follows as a logical conclusion from the other.

There were other points raised upon the argument, but it is believed that the view we have taken, of the real defence pleaded to the action, renders their consideration unneces-sary.

The judgment of the District Court is affirmed.