<hr />

PIERRE A. BERTHOLD,

*v.*

ELIAS W. HOLMAN, *et al.*

*Held*, that the Sheriff of Pine County, an organized county attached to Chisago for judicial purposes, was a proper officer to conduct a sale of land lying in Pine County upon foreclosure of a mortgage by advertisement.

In 1858 T. and F. executed a mortgage of pine timber lands to A. B., and delivered possession of said lands to A. B. to hold until the mortgage was satisfied. A. B. assigned the mortgage debt to P. A. B. The mortgage was foreclosed by advertisement, by P. A. B., Aug. 20th, 1864, and P. A. B. became the purchaser at the sale for the full amount of the mortgage. Prior to the foreclosure, F. and O'B. without the consent of A. B. or P. A. B., entered upon the lands and cut

saw logs ; *Held*, that these logs became personal property by the severance, and that the holder of the mortgage having bid the full amount due upon the mortgage for the *land*, he has no claim to said logs.

F. and O'B. without consent as aforesaid, also cut saw logs upon said lands, and removed a portion of the same after said foreclosure sale, and conveyed an interest therein to Holman the respondent, who claims to own and holds possession thereof. The mortgage was executed in June, 1858 ; *Held*, that the provision of the act of July, 1858, giving the mortgagor the right of possession until the expiration of the year of redemption, does not impair the obligation of a contract, and is applicable to the mortgage in this instance. *Held*, further that the year of redemption not having expired in this case at the time of the commencement of this action, P. A. B., the appellant, is not entitled to the possession of the mortgaged premises, nor to the possession of pine logs severed after foreclosure sale, and cannot maintain an action of "claim and delivery" against Holman for such logs.

This action was commenced in July, 1865, in the district court for Washington county, against Patrick Fox and John O'Brian, partners as O'Brian & Fox, Elias W. Holman and William H. C. Folsom. The complaint alleges that on and prior to the 16th June, 1858, the defendant Fox and one Taylor were owners in fee of certain described lands in Pine county. That on said 16th June, said Taylor and Fox executed a mortgage upon said lands, containing the usual power of sale, to one Amedee Berthold, to secure a debt due from the mortgagors to a firm in St. Louis, which was duly recorded in Pine county, on the 11th August, 1858, and that the mortgagors delivered possession of the lands to the mortgagee who went into possession under the understanding and agreement that he was to hold such possession till the debt secured by the mortgage was paid. That on the 20th August, 1864, said mortgage was foreclosed by advertisement, and the lands duly sold by the sheriff of Pine county to the plaintiff for the amount then due upon the mortgage, and the sheriff's certificate of the sale was duly recorded on the 2d September, 1864. That no portion of said lands has been redeemed,

Berthold v. Holman et al.

and that the plaintiff at the time of the said foreclosure sale was the owner and holder of the claim secured by said mortgage, the same having long before that time been duly sold, transferred and assigned to him. That during the years, 1862, 1863, 1864 and 1865, the defendants Fox and O'Brian, without the knowledge or consent of said Amedee Berthold, or the plaintiff, cut the pine timber growing upon the lands embraced in the mortgage into saw logs, and placed certain described marks upon them, and during the spring and summer of 1865, removed a large portion of them from said lands. That the described log marks were duly recorded in the name of defendants O'Brian and Fox who are partners in business. That said logs are in the possession of the defendants, and that defendant Folsom claims to own, and holds possession of a large portion of the same by virtue of an instrument in writing executed by said O'Brian and Fox, dated October 5, 1864, duly filed and recorded. That defendant Holman claims to own and hold possession of the logs not conveyed to Folsom, by virtue of a similar instrument executed by O'Brian & Fox, dated Oct. 15th, 1864, duly filed and recorded, to secure the payment of certain large sums of money. That the defendants wrongfully detain the possession of said logs from the plaintiff, &c., &c.   *   *   *

All the defendants, except Holman, answered in the action. Defendant Holman interposed a general demurrer that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained in the Court below, and the plaintiff appeals to this Court.

CORNMAN & STICKNEY, for Appellant.

I.   The mortgage from Taylor & Fox to Berthold was executed June 16, 1858, and foreclosed under and by virtue of

Berthold v. Holman et al.

the power of sale therein contained. Therefore the rights of the mortgagors and purchaser at foreclosure sale, in regard to redemption and possession of the lands sold, must be determined by the law in force at the date of the execution of the mortgage. *Comp. Stat. p.* 645, *Sec.* 11; *Const. U. S. Art.* 1, *Sec.* 10; *Const. Minn. Art.* 1, *Sec.* 11; *Hayward vs. Judd,* 4 *Minn.,* 483; *Bronson vs. Kinzie,* 1 *How. U. S. Supreme Court,* 311; *Dask vs. Van Kluck,* 6 *Johns.* 478, *and cases therein cited; Sess. Laws* 1860, *p.* 267, *Sec.* 2, *last clause; People vs. Tibbets,* 4 *Cow.* 384; *Calder vs. Ball,* 3 *Dallas* 386; *Ib.* 499, 502; 6 *Johns.* 103.

II.  The plaintiff having purchased the lands at the foreclosure sale was upon the recording of the sheriff's certificate of said sale entitled to and will be deemed to have entered into immediate possession thereof; therefore the right to. maintain trespass, trover or replevin, instantly accrued to him for all logs thereafter wrongfully cut upon or removed from said lands. *Comp. Stats. p.* 378, *Sec.* 8; *Session Laws* 1862, *p.* 73, *Sec.* 3, 4; *Snyder vs. Vaux,* 2 *Rawle,* 423; *Cresson vs. Stout,* 17 *Johns.,* 116; *Chitty's Pl.* 187; *Rogers vs. Arnold,* 12 *Wend.* 39.

III.  Even if it is held that the mortgagors remained in possession after the foreclosure sale, they were only tenants at will, and trespass lies against a tenant at will for voluntary waste, for the wrong terminates the tenancy, and the occupant no longer has the rightful possession. 1 *Hilliard on Real Property,* 278, (10;) *Ib.* 279, (15;) *Ib.* 388, (16;) *Ib.* 390, (25;) *Rich vs. Baker.* 3 *Denio,* 79; *Mower vs. Wait,* 3 *Wend.* 108; *Cooper vs. Stone,* 9 *Johns.,* 332; *Phillips vs. Covert,* 7 *Johns.* 1.

IV.  The foreclosure sale is valid, having been conducted by the Sheriff of Pine County, who was authorized by law to conduct the same; and his certificate of the sale is *prima*

Berthold v. Holman et al.

*facie* sufficient to convey to the plaintiff the legal title to the lands, nor can the validity of the sale be attacked collaterally, nor by strangers to the deed. *Comp. Stat. p.* 96, *Secs.* 152, 153; *Ib.* 644, *Sec.* 6; *Lowell vs. North et al.,* 4 *Minn.* 41; *Blake vs. McKusick,* 10 *Minn.,* 261; *Same vs. Same,* 8 *Minn.* 338.

V. If the foreclosure sale is held to be void, yet the plaintiff could maintain this action, inasmuch as he holds in his own right the debt, demand, and claim secured by the mortgage, and the mortgagee having entered into possession of the lands embraced in the mortgage by consent of the mortgagors, and while in such possession, the defendants wrongfully entered and cut and removed the logs described in the complaint, and the pine timber being the principal and main security for the debt. *Clearwater vs. Rose,* 1 *Blackf.* 137; *Betz vs. Hebner,* 1 *Penn.* 280; *Jackson vs. Blodgett,* 5 *Cow.,* 202; *Dorkray vs. Noble,* 8 *Greenl.* 278; *Bell vs. Morse,* 6 *N. H.* 205; *Jackson vs. Minkle,* 10 *Johns.,* 480; *Miles vs. Gray,* 4 *B. Munroe,* 117; *Pace vs. Chadderdon,* 4 *Minn.,* 499; 1 *Hilliard on Real Property,* 411, *Sec.* 8, *note a; Ib.* 419, *Sec.* 6; *Comp. Stat. p.* 830, *Sec.* 34.

VI. A third party who acquires possession of goods from the wrongdoer, or jointly with him, is liable in this action. *Olmstead vs. Hotaling,* 1 *Hill,* 317; *Ib.* 311; *Ely vs. Ehele,* 3 *Cowan,* 508, *and cases therein cited:* and against such no demand is necessary; *Pringle vs. Phillips,* 5 *Sandf.* 157; *Cummings vs. Vorce,* 3 *Hill,* 282; *Pierce vs. Van Dyke,* 6 *Ib.* 613; *Stillman vs. Squires,* 1 *Denio,* 327.

H. N. Setzer, for Respondent.

First. The complaint does not, in any manner, allege that the plaintiff is the owner of the personal property therein

described; it merely shows that the defendant has some claim, or inchoate right, to some land, and that the saw logs —the property in question—were cut upon that land. At most, this is only pleading evidence of a fact, not the fact itself. On looking at the allegations of the complaint, it is impossible to discover whether the plaintiff intends to sue for waste or trespass; it is only the affidavit and bond, together with the fact that the sheriff took the logs out of the possession of the defendants, which would inform them that the action is in replevin. · We insist that it is essential, to sustain an action in replevin, for the plaintiff to allege either absolute or qualified ownership and the immediate right of possession, in and to the property sought to be recovered, and merely pleading evidence of that fact is not sufficient to sustain the action. *Boice vs. Brown,* 7 *Barber,* 85 ; *Wilcox vs. Davis,* 4 *Minn.,* 199 ; *Wooden vs. Strew,* 10 *Howard,* 50.

Second. But admitting, for the purpose of this argument, that the complaint sufficiently alleges facts and not merely the evidence of the fact necessary to sustain the action, still we insist that it does not show any right of ownership or possession in the plaintiff to the property under dispute. We shall consider the subject under two aspects : first, by admitting that the complaint sets forth a valid foreclosure of the mortgage and sale of the premises ; and, second, by showing that upon the face of the complaint it appears that no valid foreclosure of the mortgaged premises has ever taken place.

I. The complaint alleges the execution of a mortgage by N. E. D. Taylor, and the defendant Patrick Fox, on the 18th of June, 1858, to Amadee Berthold, a stranger to this action, as security for a debt of $7,777.36 ; that the debt was transferred to the plaintiff (it does not tell the time of the transfer,) that the mortgage was foreclosed, and the premises sold to the plaintiff on the 20th day of August, A. D., 1864, for the

Berthold v. Holman et al.

sum of $9,860, being the full amount of principal and interest then due on the mortgage, together with the costs of foreclosure. And it further appears that this action was commenced on the 13th day of July, 1865. It further alleges that in the years 1862, '63, '64, and '65, the defendants, O'Brian and Fox, cut pine saw logs on the land, of certain marks, without the consent of the plaintiff. Hence, it appears from the complaint, that the logs cut in 1862 and 1863, and the spring of 1864, were cut prior to the supposed sale of the land to the plaintiff, and that the logs cut in the fall of 1864 and spring of 1865, were cut after such sale but prior to the expiration of the time of redemption, that this action is brought prior to the expiration of the time of redemption. As the relation and rights of the plaintiff were varied by the said sale, *if valid*, we must consider the validity of his claim to the logs cut prior to the sale and to those cut after the sale separately.

1. As to the logs cut prior to the supposed sale, it seems almost a waste of time by showing that the plaintiff had no claim to them. The mortgage was only a security for a debt; that debt was fully satisfied by the sale of the land; with that sale, therefore, the mortgage contract was wholly determined. The mortgagors had the undoubted right to remove whatever timber they pleased, provided the value of the premises remained sufficient security for the debt, and the sale for the whole amount of the debt is conclusive and absolute proof that the premises were such security. *Johnson vs. White,* 11 *Barb,* 193; *Van Wyck vs. Alliger,* 6 *Barb.,* 511; *same vs. Hitchcock,* 14 *John.,* 213; *Peterson vs. Clark,* 15 *John,* 206.

2. As to the logs cut after the supposed sale. It must be borne in mind that these logs were cut and this action commenced before the year of redemption had expired. Under

our statute, the mortgagor is entitled to the possession and to the profits of the land after the foreclosure of the mortgage, until the time of redemption expires. It is a well known rule of law that trespass and replevin can only be sustained by the party in actual possession, or having the immediate right of possession, and since the plaintiff, at the time of commencing this action, had not the right of possession of, nor the legal title to the premises whereon the logs were cut, (*Donnelly vs. Simonton*, 7 *Minn.*, 167,) he had not the right of possession to the issues and profits of the land. *The case of Rich vs. Baker*, 3 *Denio*, 79, is directly in point. The mortgagor has bestowed labor and expense, in producing property by the sale of which he might be enabled to redeem, from the purchaser of the foreclosure sale, these very premises, by his labor, the trees on the premises are converted into personal property, and enhanced tenfold in value, the mortgagee in this action takes away from him, not only the value of the trees while standing, but all the labor and expense bestowed upon them; this, we contend, can only be done where an actual trespass has been committed upon the land in which the plaintiff was seized in fee simple, and to which he held the immediate right of possession. In reply to this, the appellant will contend, that the mortgage executed on June 18, 1858, the law, then in force, became a part of the contract, and the law giving possession to the purchaser at a mortgage sale, immediately after the sale, (the case in Denio above cited does not apply.) This court, however, has repeatedly decided, that the right of possession during the time of redemption is no part of the contract, but only effects the remedy. *Heyward vs. Judd*, 4 *Minn.*, 488; *Stone vs. Bassett, ib.*, 292.

II. But the defendant, Holman, contends that the complaint shows upon its face that the mortgage was not foreclosed at all, and that no part of the premises have been sold.

This court will take judicial notice that the county of Pine is attached to the county of Chisago, for judicial purposes, and the complaint alleges that the premises were sold by the sheriff of the county of Pine. Mortgaged premises can only be sold by the sheriff or his deputies. *Compiled statutes*, 644, *sec.* 6. And we contend that there cannot be a sheriff of a county attached to another, for judicial purposes. A county so attached is, for all the purposes of judicial proceedings, a part and portion of the senior county. *Session Laws, extra session*, 1862, *Chap.* 7, *page* 47. The county of Pine, therefore, is an integral part of Chisago, and within the bailiwick of the sheriff of Chisago county. A part of Chisago county, such as Pine county is declared to be, cannot have a separate sheriff from other parts of the county. The sale, therefore, was not made by a sheriff, and is therefore, void, and the foreclosure irregular. Amadee Berthold is still the owner of the mortgage but nothing more; if he shows a good cause of action, he may, perhaps, sustain an action for waste, but that is all.

*By the Court*—Berry, J. In this case it appears that under a power contained in a mortgage, a foreclosure sale of lands situate in Pine County was made by the Sheriff of Pine County. The counsel for the respondent insists that although Pine was an organized county, yet inasmuch as it was attached to Chisago for judicial purposes, there could be no sheriff of Pine County, and no valid sale by any person pretending to be such officer, but the sale should have been made by the Sheriff of Chisago County. The attachment of Pine to Chisago County is for *judicial purposes*. Certainly there is nothing of a judicial nature about the execution *in pais* of a power of sale contained in a mortgage. For such purposes Pine was not attached to Chisago County, and there is no reason

why the Sheriff of Pine County might not act in such cases. But we are not left in this matter to construction alone. *Sec. 1, Ch. 7, page 47 Laws,* (1862 *Ex. Sess.*) defines among other things the effect of such attaching to be that, "Every county which is attached to an organized county for judicial purposes, shall, *for the administration of civil and criminal justice,* be taken and deemed a part of said organized county," and provides further for the execution of "all process, civil or criminal," by the sheriff of the senior county. Even if it be conceded that under this statute the Sheriff of Pine County would be precluded from serving "process, civil or criminal," still there is nothing here to prevent the existence of the office of sheriff of Pine County for other purposes, or to prevent such sheriff from making a sale of this kind. We have no doubt that the Sheriff of Pine County was a proper officer to conduct this sale.

The foreclosure sale came off on the 20th day of August, 1864, and the certificate of sale was filed September 2d, 1864, the plaintiff being purchaser for the full amount then due upon the mortgage. This action was commenced July 13th, 1865. Prior to the sale, and after the execution of the mortgage, Fox, one of the mortgagors, and O'Brien his partner, without the knowledge or consent of the mortgagee, or of his assignee, the plaintiff, cut a large quantity of pine logs upon the mortgaged premises, and during the summer and spring of 1865, removed a large portion of said logs. It is well settled in this State, that a mortgage is a *security* only, and that until foreclosure, the legal title to lands mortgaged remains in the mortgagor. *Adams vs. Corriston,* 7 *Minn.* 462; *Hill et al. vs. Edwards,* 11 *Minn.*, 22. He may sell and convey the land subject to the mortgage, and he may sell and convey anything which though part of the realty is capable of being made personalty, by severance, subject to the right of the

mortgagee to keep his security good. When the pine trees in this case were converted into logs, they became personal property, and unquestionably the mortgagee could have prevented their removal from the premises, or have followed them if removed, had it been necessary to do so in order to preserve his security. *Hutchins vs. King*, 1 *Wallace*, 53: *Parsons vs. Hamlin, ante page* 108. But instead of taking any measures to this end, he purchases the mortgaged premises at the foreclosure sale, for *the full amount then due on the mortgage*, a portion of the timber trees which were a part of his security when the mortgage was taken having been converted into logs before that time. This purchase for the full amount of the debt was a complete satisfaction of the mortgage. It was a purchase of the realty, not of the logs lying upon the realty. The plaintiff took the *land alone* in satisfaction of the mortgage. When the mortgage was satisfied, the mortgagee had nothing further to ask for. His mortgage being but a *security*, it was made completely effectual when the debt was paid by the purchase. The plaintiff had received all that he had any right to demand. The plaintiff has no claim to the logs cut before the foreclosure sale.

The complaint also alleges that the said Fox & O'Brien cut logs from the mortgaged premises *after* the foreclosure sale, to-wit, in 1864 and 1865, and it is alleged that the defendant Holman, who demurs separately; and from the order sustaining whose demurrer the present appeal is taken, "claims to own and *holds* possession of said logs, by virtue of a certain instrument executed by O'Brien & Fox, and dated October 20th, 1864, and filed and recorded in said office of the Surveyor General on the 31st day of October, 1864, which instrument in writing purports to convey all the said logs not conveyed to Folsom, to the defendant Holman, to secure the payment of certain large sums of money." The

complaint further alleges, in terms, the wrongful detention of the logs by Holman and his co-defendants. The mortgage in this case was executed in June, 1858, at a time when under the law then in force the purchaser was entitled to possession immediately after a mortgage sale. *Pub. Stat. page* 645, *Sec.* 11.

By the act of July 29, 1858, *Ch.* 61, *Laws* 1858, it was enacted, that the mortgagor, or those claiming under him, should be entitled to possession until the expiration of the period of redemption upon payment of interest. This period of redemption under the act of 1858, and the law as it stood before the passage of the act, was one year. It is insisted in the case at bar, that the right of the purchaser to take possession of the mortgaged premises immediately upon the sale, was a part of the contract of mortgage, and that to allow the act of 1858 to operate upon the mortgage in this case, would be to impair the obligation of the contract; but this has been otherwise determined in this court. *See Hayward vs. Judd*, 4 *Minn.*, 487, *Per Emmett, Ch. J; Ib.* 493, *per Justice Atwater; Ib.* 496, *per Justice Flandrau; Carroll vs. Rossiter* 10 *Minn.*, 178. We understand the doctrine of *Hayward vs. Judd* to be that legislation, like the provision of the act of 1858, above referred to, *at most*, affects the remedy only, and not the obligation of the contract, and that it was competent for the legislature to deprive the purchaser of his right of possession immediate upon the sale, and to allow the mortgagor or his representative in interest to retain possession until the expiration of redemption. *See also Donnelly vs. Simonton*, 7 *Minn.*, 175. This present action was instituted before the period of redemption allowed by law had expired. The purchaser at the sale was not then entitled to the possession of the mortgaged premises. *Sec.* 2, *ch.* 61, *Laws* 1858; *Sec.* 2, *ch.* 87, *Laws* 1860; *Donnelly vs. Simonton*,

7 *Minn.*, 175; *Adams vs. Corriston*, 7 *Minn.*, 463. The only ground upon which he could claim any right to the logs, was because they were a part of the realty, which he had purchased. *Adams vs. Corriston*, 7 *Minn.*, 463. But as he had no possession, nor right to the possession of the land upon which they were cut, he could have no right to the possession of the trees severed therefrom and converted into logs. *Rich vs. Baker*, 3 *Den.*, 79.

Now this is an action of "claim and delivery," called in common parlance "replevin," and governed in the main by the same rules as the action of replevin. *Ames vs. Mississippi Boom Co.*, 8 *Minn.*, 471. But in replevin, the right of immediate possession of the property sought to be recovered was a *sine qua non*, and so it is in the action of claim and delivery. 2 *Gr. Ev.*, sec. 56; 1 *Ch. Pl.*, (164); *Dodworth vs. Jones*, 4 *Duer*, 202; *Wheeler vs. Train*, 3 *Peck*, 257; *Rockwell vs. Saunders*, 19 *Barb.*, (*S. C.*,) 481; *Lewis vs. Buck*, 7 *Minn.*, 116.

*Section* 131, *ch.* 60, *page* 549, *Pub. Stat.*, following this rule in prescribing the contents of the affidavit necessary to entitle the plaintiff in an action of claim and delivery to the possession of the property in dispute, enacts that it must contain, among other things, statements to the effect "that the plaintiff is the *owner* of the property claimed, * * or is lawfully entitled to the *possession* thereof," * * * and "that the property is *wrongfully detained* by the defendant." As the plaintiff in this case was not, in his capacity as purchaser at the mortgage sale, in possession or entitled to possession of the land, or the logs, he cannot maintain this action; yet the legislature did not leave him without remedy, for having deprived the purchaser of the right to take possession immediately after the sale for his own protection, section 3 of the act of 1858, enables such purchaser to secure protection by

applying upon eight days' notice to the court, or a Judge thereof in vacation, for an order or injunction to stay waste, &c. ; nor is he deprived of whatever other remedies were in existence.

The complaint alleges that the original mortgagee was put into possession of the mortgaged premises by the mortgagors at the time of the execution of the mortgage, with the agreement that he should hold such possession until the mortgage was satisfied. It does not appear, however, that this possession was attempted to be transferred to the plaintiff, who claims to hold by an assignment of the mortgage, nor that the plaintiff ever had possession nor right of possession ; and it must be admitted, as remarked by the counsel for respondent on the hearing, that the complaint does not very clearly show that the mortgage was ever assigned to the plaintiff, in such way as to entitle him to pursue the remedy of foreclosure by advertisement; but we have preferred to rest our determination upon points which go to the bottom of the matter. The views which we have expressed dispose of several points made on the argument, to which we have not particularly referred. Our conclusion is that the demurrer was well taken, and that the order sustaining it must be affirmed.