## CORBIN v. REED ET AL.

1. **Mortgage**: BREACH OF COVENANT: JUDICIAL SALE. Where the mortgagee, upon foreclosure of the mortgage, purchased the property at sheriff's sale for the amount of the debt and costs, he cannot recover for waste committed by the mortgagor before the sale, notwithstanding a covenant in the mortgage that the property should be kept in good condition. Whether he would be entitled to recover upon the covenant if any part of the debt remained unsatisfied, *quære*.

2. **Evidence**: IMPEACHMENT OF WITNESS. A party will not be permitted to impeach his own witness.

*Appeal from Clinton Circuit Court.*

MONDAY, JUNE 12.

THE petition filed July 25th, 1873, in substance alleges that on the 30th day of July, 1870, Catharine Reed executed to George Cook a mortgage on certain described real estate to secure $3,500.00; that the mortgage was foreclosed on the 10th of August, 1872, and Catharine Reed elected to have the property sold subject to redemption; that on the 24th of January, 1873, the land was purchased by Austin Corbin at the sheriff's sale, in trust for the mortgagee Cook, for the whole amount due on the judgment, interest and costs; that Catharine Reed has leased the premises till the 24th of January, 1874, to the defendant, W. D. Newly; that at the time of the execution of the mortgage the premises were in good repair; that the mortgage contains a covenant that the mortgagor is to maintain the premises in good repair; that she permitted them to deteriorate much in value and committed waste both before and after the sheriff's sale. The petition asks judgment for $1,500, triple damages, that defendant be restrained from further commission of waste, and that a receiver be appointed of the crops grown upon the premises for the year 1873. A receiver was appointed and an injunction was issued, pursuant to the prayer of the petition. Afterward a demurrer was sustained to all that portion of the petition which claims damages for waste committed prior to the purchase of the premises at sheriff's sale.

William R. English intervened, and claimed the crops in the hands of the receiver, under a chattel mortgage.

The cause was tried according to the first method of trial of equitable proceedings.

The court upon the final hearing dismissed the plaintiff's petition, dissolved the injunction, established the claim of William R. English, the intervenor, to the property claimed by him, and ordered the receiver to deliver said property to the intervenor. Plaintiff appeals.

*K. W. Wheeler*, for appellant.

*Merrell & Howatt* and *W. E. Leffingwell & Bro.*, for appellee.

DAY, J.—I. It is insisted that the court erred in sustaining defendant's demurrer to the claim of plaintiff for damages on account of waste committed before the sheriff's sale. We are satisfied that this action of the court was right. The plaintiff bid in the property at the sheriff's sale, for the amount of the debt, interest and costs. He took the property in its then condition for the amount of his claim. Having satisfied his claim by bidding in property he has no right to recover more. We need not determine what might be his rights upon the covenants in the mortgage, if any part of his debt was yet unsatisfied.

1. MORTGAGE: breach of covenant: judicial sale.

II. The plaintiff made a motion for a continuance, based upon the absence of a material witness, one W. M. Meadows. The defendants admitted that the witness would, if present, testify to the facts set forth in the affidavit for continuance, and the motion for continuance was overruled. Afterward defendants excepted to all that portion of the proposed testimony of Meadows that related to a conversation with one Edward Reed, upon the ground that Edward Reed was called as a witness for plaintiff, and testified contrary to the alleged conversation with Meadows, and that plaintiff could not impeach his own witness. The exceptions to this testimony were sustained, and of this action plaintiff complains.

2. EVIDENCE: impeachment of witness.

The action of the court was right. The testimony was admissible only for the purpose of impeachment, and plaintiff cannot be permitted to impeach his own witness.

III. The only satisfactory proof of waste committed since the sheriff's sale is that two cords of wood were cut from scrubby timber on the premises and sold. But this was done by the son of defendant, so far as appears from the testimony without her knowledge. The court did not err, therefore, in dismissing the petition upon the final hearing.

This conclusion renders it unnecessary to examine the other errors assigned and discussed in argument. The abstract in

this case embraces one hundred and twenty-two pages, the pleadings alone covering forty-one. Without attempting a review of the testimony, we may say that it has received our careful attention, and that we are fully satisfied with the court's action.

AFFIRMED.