**AMERICAN NAT. INS. CO. v. CITY OF PORT ARTHUR.**

No. 2422.

Court of Civil Appeals of Texas. Beaumont.

June 15, 1933.

Conley, Renfro & Keen, of Beaumont, for appellant.

V. J. Wistner, of Port Arthur, and Orgain, Carroll & Bell and Duff & Cecil, all of Beaumont, for appellee.

WALKER, Chief Justice.

On May 3, 1927, Harvey W. Gilbert borrowed from appellant, American National Insurance Company, $100,000, and secured the loan by executing a deed of trust in favor of appellant upon 438 acres of land in Jefferson county, Tex., adjacent to the ship channel and just outside the city limits of the city of Port Arthur. This land was very valuable, both for commercial and residential purposes. On the 29th of September, 1930, with his debt unpaid, Mr. Gilbert conveyed to the city of Port Arthur an easement across this land to be used by it in the construction, operation, and maintenance of a sea wall, to be built under special authority granted by the Legislature of the state. The city of Port Arthur accepted this easement from Mr. Gilbert and constructed its sea wall upon and across the same, with knowledge that the land was covered by appellant's deed of trust lien. After making certain payments on his debt, Mr. Gilbert made default in the full payment, whereupon, after giving due notice of sale, the trustee under the deed of trust, on the first Tuesday in December, 1930, sold all the land covered by the deed of trust, under the terms of the deed of trust, and appellant became the purchaser of all the land at this sale, upon its bid of $75,000. Later, Mr. Gilbert paid to appellant the deficiency on his debt in the sum of $3,056, after taking credit for the $75,000. A large part of the sea wall construction upon and across the Gilbert easement was done after appellant bought the land at its trustee sale.

■ This suit was brought by appellant, American National Insurance Company against appellee, the city of Port Arthur, for damages based upon the construction of the sea wall. Appellant's petition is too long to give in full, but, after giving it most careful consideration, it is our conclusion that appellant has not sued nor prayed for damages to its freehold estate, acquired at its trustee sale, but only for damages to the land as security for its debt. The following excerpts from appellant's petition sustain our conclusion that the suit was one only for damage to the security:

"Plaintiff would represent, however, that at the time of the sale of the said property, the defendant had gone onto this property and the project of building the sea wall and drainage ditch was approximately half completed and had thereby greatly damaged and lessened the value of the security. In fact the acts of the said defendant, the City of Port Arthur, constituted such a waste and destruction of the property as that it did not sell for anything like enough to discharge the outstanding obligation and thereby the City of Port Arthur, defendant herein, has trespassed upon the property and committed a waste and a serious damage to the value thereof and then refused and failed to discharge its obligation to redeem the property as was its duty when it went on the property and changed the face and value of the security. * * *

"Plaintiff would further represent to the court that the City of Port Arthur was charged with notice and actually knew that the American National Insurance Company, plaintiff herein, held a deed of trust on this property at the time it committed the trespass and knew, or could have known by the exercise of care, that its acts were such as would and did destroy the value of the property and that it would become its duty to respond in damages, and in this connection plaintiff would represent that immediately when it learned that the City of Port Arthur had gone on to the property and was constructing the levee or sea wall and drainage ditch, as will be hereinafter more particularly set out in detail, that its representative talked by long distance telephone to Mayor Jim O'Neal, who was then the duly elected,

qualified and acting Mayor of the City of Port Arthur, and immediately following said conversation did, on January 22nd, 1931, write the following letter to Mayor Jim O'Neal. * * *

"Plaintiff would further represent that the City of Port Arthur ignored said letter and warning and continued with its project and destruction of this property, to this plaintiff's damage as will be hereinafter set out."

Here follows a detailed statement of the alleged damages to the land, and after such allegations the petition proceeds as follows: "All of which damage was brought about and committed by the defendant, the City of Port Arthur, when it well knew that at the time and prior to its acts that this plaintiff held a valid subsisting deed of trust lien on this property and was entitled to either its loan fully repaid, according to its tenor and effect or to its security unimpaired in any manner."

The prayer was as follows: "Wherefore, premises considered, plaintiff prays that defendant be cited to appear and answer herein; that upon final hearing it have judgment for its damages, as hereinbefore set out, and for costs of suit and for such other and further relief, special and general in law and in equity, that it may be justly entitled to, and for all of which it will ever pray."

The trial court construed appellant's petition as a cause of action merely for damage to the security, and on this construction submitted the following issues to the jury, answered as indicated:

"Special Issue No. 1: What do you find from the preponderance of the evidence was the market value of the land described in plaintiff's petition just before the seawall construction? Answer: $374,800.00."

"Special Issue No. 2: What do you find from the preponderance of the evidence was the market value of the land described in plaintiff's petition just after the seawall construction? Answer: $269,800.00."

On the verdict of the jury, judgment was rendered in favor of appellee that appellant recover nothing on its count for damages.

Appellant has many assignments of error complaining of the refusal of the court to submit certain specific issues, and also to the effect that the court erred in the construction of its petition. These assignments are all overruled. As stated above, it is our conclusion that the petition is subject to no other construction than merely a prayer for damages to the security. As, under the verdict of the jury, the security was worth more than three times the amount of the debt, appellant was not entitled to damages to his security, and judgment was properly rendered in favor of appellee. Citing many authorities, this court held in Bond v. Kirby Lmbr. Co., 47 S.W.(2d) 891, that the holder of a lien against real estate could not recover where it did not prove that the security had been impaired or destroyed. The general rule is that the extent of the injury to the security is the measure of the damages against one injuring the security. Carey v. Starr, 93 Tex. 508, 56 S. W. 324; Aggs v. Shackelford County, 85 Tex. 145, 19 S. W. 1085; Carroll v. Edmondson (Tex. Com. App.) 41 S.W.(2d) 64, 65; Sampson v. Williamson, 6 Tex. 102, 55 Am. Dec. 762; Wright v. Henderson, 12 Tex. 43. For other cases see Tex. Ency. Dig. vol. 12, p. 981, under the head of "Mortgages." In this case there was a deficiency in the original debt after appellant's bid for the property was credited thereon. If the market value of the property be determined as a matter of law by appellant's bid at the sale made by its trustee, then its measure of damages was the deficiency; that is, the unpaid balance on its debt after crediting thereon the amount of its bid. Planter's Bank v. Lummus Cotton Gin Co., 132 S. C. 16, 128 S. E. 876, 41 A. L. R. 596; Carroll v. Edmondson, supra; Cottle v. Wright, 140 Misc. 373, 251 N. Y. S. 699; Jones on Mortgages, § 859 (8th Ed.). Certainly if the verdict of the jury as to the market value of the land be entirely disregarded, appellant cannot complain of the value as fixed by its bid at the sale because the general rule is that a mortgagee buying at his trustee's sale is bound by the price paid by him to the extent of his bid. Carey v. Starr, supra; Berthold v. Holman, 12 Minn. 335 (Gil. 221), 93 Am. Dec. 236; Corbin v. Reed, 43 Iowa, 459; Hutchins v. King, 1 Wall. 53, 17 L. Ed. 544. Since the evidence is without controversy that Mr. Gilbert paid the deficiency in full, it follows that appellant can have no recovery for the injury to the mortgaged premises on the theory that it was suing for damages to its security. Carey v. Starr, supra; Berthold v. Holman, supra; Corbin v. Reed, supra; Hutchins v. King, supra; Kennerly v. Burgess, 38 Mo. 440; Griswold v. Morse, 59 N. H. 215; Planter's Bank v. Lummus Cotton Gin Co., supra; Cottle v. Wright, supra; Lavenson v. Standard Soap Co., 80 Cal. 245, 22 P. 184, 13 Am. St. Rep. 147; Taylor v. McConnell, 53 Mich. 587, 19 N. W. 196.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.