## Livingston *against* The Executors of Livingston.

Where there was a special count, and several money counts in a declaration, and after interlocutory judgment for want of a plea, damages were separately assessed on each count, and judgment was arrested on the first count, the inquisition on the other counts was set aside, and the defendant allowed to plead, upon terms.

THE declaration in this cause contained several counts. The first was a special count for a legacy, and the others were the usual money counts. The plaintiff entered an interlocutory judgment for want of a plea, and damages were separately assessed on each count. On the last day of the last term, a motion was made and argued in arrest of judgment, but remained undecided until this term, when judgment was arrested on the first count. (See *ante,* p. 189.)

*Hoffman,* for the defendants, now moved to set aside the inquisition taken on all the other counts ; and for leave to plead to them. He read an affidavit, stating that the plaintiff had no other cause of action against the defendants, than what was stated in the first count, the money counts being added as matter of course, and not because the plaintiff had distinct causes of action, and that he was not inform- ed that damages were separately assessed on the several counts, until after the last term. He contended, on the ground of merits, and of surprise, and as this was a case of executors, one of whom was absent in *Europe* when the suit was commenced, and still is absent, that the in- quest ought to be set aside.

*E. Williams* and *J. Radcliff,* contra.

*Per Curiam.* The defendants may take their rule to set aside the inquest, on the following terms : to pay the costs, not to plead the statute of limitations, but issuably, and to take short notice of trial, and consent that the *venue* be changed into such county as the plaintiff may elect for the trial of the cause.