J. W. BABCOCK and WILLIAM HOLLINSHEAD, Plaintiffs in Error, *vs.* JOHN B. SANBORN and THEODORE FRENCH, Defendants in Error.

#### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

All the Defendants against whom judgment was rendered in the District Court, should join in bringing a Writ of Error.

The Supreme Court of this State was created as a court of review for the correction of errors committed by inferior tribunals, and cannot exercise original jurisdiction except where it is conferred by law. It will not entertain questions which have not received the actual decision of the tribunal from which they came, unless it is evident that substantial error has been committed, and adequate relief cannot be had from the court below.

Errors committed by the Clerk of the District Court, in the taxation of costs, and the assessment of damages, whether by miscalculation of figures or the erroneous application of principles of law, must be passed upon by the Court below on motion, before this Court will entertain jurisdiction thereof.

EMMETT, *C. J., dissenting, holds*—That a judgment, by whomsoever entered, is, in contemplation of law, the judgment of the Court, and that the Supreme Court should correct any errors which may be made to appear on the record, without a previous application or motion in the Court below.

The case is stated in the opinion of the Court.

The following are the points and authorities relied upon by the Counsel for the Plaintiffs in Error:

*First.*—The interest at the rate of five per cent. per month after due on the note was a penalty, and could not be recovered. *Mason & Craig vs. Callender, Flint & Co.,* 2 *Minn. R.,* 350.

*Second.*—When interest after due is a penalty, the recovery can only be seven per cent. per annum, the legal rate of damages.

*Third.*—The compound interest mentioned in the complaint could not be legally recovered. *Vide above authority.*

The following are the points and authorities relied upon by the Counsel for Defendants in Error:

*First.*—There could have been no error in the Court below, for the reason that the action arose upon an obligation for the payment of money only, and the Plaintiffs in Error did not appear, and thereupon judgment was entered by the Clerk against them, for the amount mentioned in the summons, as required by statute. The Court did not err for the reason that it did not pass at all upon the case, or any question involved in it. The Clerk did not err, as he acted as required by express statute. *Page* 10, *Amendments to the Revised Statutes of* 1851, *sec.* 31; *Whitenell vs. Atkinson,* 6 *Mass.,* 272.

*Second.*—A Writ of Error to a Court of Review, upon judgment by default in an inferior Court, will not lie, and should be dismissed. *Colden vs. Knickerbocker.* 2 *Cowen,* 31; *Alexander vs. Hayden,* 2 *Miss.,* 211; *Lord vs. Pierce,* 33 *Maine,* (3 *Red.,*) 350; *Case vs. Coapwood,* 24 *Miss.,* 256; *Horn vs. Grayson,* 7 *Post.,* 270; *Neely vs. The Planter's Bank,* 4 *Smedes & Marsh,* 113; *Robinson vs. Shepherd,* 8 *Miss.,* 136; *Martin vs. Hogan, Ib.,* 505; *Barfield vs. Improw,* 1 *Smedes & Marsh,* 326; *Bemarder vs. Langhon,* 7 *Miss.,* 476; *Cox vs. Field,* 1 *Green,* 215; *Pendleton vs. United States,* 2 *Brock,* 75; *Williams vs. Shepherd,* 1 *Green,* 76; *Talbot vs. Milton,* 9 *Smedes & Marsh,* 9.

*Third.*—This Court will in no event review a judgment entered by default in the inferior Court, unless the error is in pleading, and such that advantage might have been taken of it in the Court below, by general demurrer. This is as far as this Court went in the December Term of 1858, in the case of Karns vs. Kunkel.

*Fourth.*—All parties against whom judgment was rendered must join in a Writ of Error, or it will be dismissed. *Thomas*

*vs. Wyatt,* 9 *Smedes & Marsh,* 303 ; *Miller vs. Heard,* 1 *English,* 73 ; *Harrington vs. Roberts,* 7 *Geo.,* 510 ; *Harren vs. Reeves,* 2 *Green,* 190 ; *Duncan vs. Hargrove,* 22 *Ala.,* 150.

D. C. COOLEY, Counsel for Plaintiffs in Error.

SANBORN, FRENCH & LUND, Counsel for Defendants in Error.

*By the Court—*FLANDRAU, J.   The Defendants object that the writ of error should be quashed because all the parties against whom the judgment was rendered did not unite in bringing it.   Such is the rule, and it would be applied here did the papers contain sufficient facts to show that the point was well taken.   The books served on the Court contain no copy of the writ, and nothing appears to show whether or not all the Defendants below are or are not joined in the writ.   It is true that the party bringing the writ should furnish such papers as will show himself in all things regular, but as the question was not made on the argument on that ground, we will presume that as both Defendants below appear in the papers, they are also both named in the writ.   The necessity for all parties to join in the writ of error is well stated in *Graham's Practice,* 2*d Ed., page* 937: " For otherwise this inconvenience would ensue, that every Defendant might bring a writ of error by himself, and by that means delay the Plaintiff from having the benefit of his judgment, though it should be affirmed once or oftener."

The judgment in this case was suffered by default, and the action being upon a promissory note, the Clerk, in pursuance of the notice in the summons, the prayer of the complaint and the provision of the statute, entered it up for the amount claimed.   *Stats. of Minn., New Ed., p,* 555, *sec.* 173, *subdiv.* 1. Now, this section makes it the duty of the Clerk to enter the judgment on proper proof of the default having been made " for the amount mentioned in the summons," when the action arises " on obligation for the payment of money only."   The section also provides that " in other actions for the recovery of money only " (that is, actions other than those upon written

instruments for the payment of money only) " on filing the like proof the Plaintiff may have an order entered of course by the Clerk, that a writ of inquiry of damages issue, and on the return of the Sheriff's inquest, judgment may be entered for the amount assessed without further application to the Court, or he may apply to the Court to have his damages assessed or the amount he is entitled to recover ascertained, in any other manner, and for judgment."

This section contemplates that whenever the Defendant has obliged himself by an instrument in writing to pay money, and confesses the fact by suffering a default in an action on such instrument, his confession shall be all the proof requisite for the Clerk to perfect the judgment upon. But in other cases, where the amount claimed is for damages which are unascertained in amount, such as for an assault and battery, libel, slander, or similar cases, the Clerk must, before he can enter judgment, have the damages assessed by some of the modes pointed out, and judgment follows the finding of the inquisition or reference. The decision of the Clerk, sheriff's jury or referee, are all for the same object, to form a basis for the judgment, and stand in the same category as regards the correction of any errors committed in either.

Many irregularities may occur in the execution of writs of inquiry, which would entitle the party aggrieved to have the inquest set aside, or the judgment entered upon it vacated; but such relief in many cases could not be obtained by an appeal or writ of error from the judgment, but only by motion to set aside or vacate, and for a re-assessment. This we understand to have always been the practice in such cases. 3 *John. Cas.*, 80; 2 *John. Cas.*, 117; 19 *John.*, 244; 3 *John.*, 254; 3 *Cains*, 96; 2 *Cains*, 381; *Graham's Practice*, 2d *Ed.*, *p.* 800.

The cases cited by counsel in this and other cases argued at this term to show that we should not review any questions that have not been passed upon by the Court below, have arisen in Courts whose organizations were somewhat different from that of this Court, being confined to appellate jurisdiction solely, and that in cases which have *actually* received the consideration and decision of the Court below, and are there-

fore not decisive authority for us. But it is quite evident from the provision of the Constitution creating this Court (*Const., Art. VI., sec.* 2) that it is designed as a court of review for the correction of errors committed by inferior tribunals, and is not to exercise original jurisdiction except where it is conferred by law; we will therefore not entertain questions which have not received the actual decision of the tribunal from which they come, unless it is quite evident that substantial error has been committed, and adequate relief cannot be had from the Court below.

In the case of *Karns vs. Kunkel,* decided at the December Term of 1858, we held that a writ of error would lie to a judgment entered upon default, and that where the record disclosed that there was no cause of action against the Defendant, we would reverse it. But because the statutes (*Stats. of Minn., New Ed., p.* 621, *sec.* 2, *and p.* 623, *sec.* 22) allow all final judgments to be brought into this Court by appeal or writ of error, it does not follow that we are bound to entertain questions which may appear on the record, where the Court below had adequate power to give the relief sought, had the party seen fit to apply to its jurisdiction.

We have frequently held that all questions of error committed by Clerks in the taxation of costs, must in the first instance be corrected by the Court below on motion; we now decide that errors committed by them in the assessment of damages, whether by miscalculation of figures, or the erroneous application of principles of law, are subject to the same practice.

The judgment should be affirmed, and case remanded to the District Court.

The following dissenting opinion was filed by EMMETT, C. J.:

The judgment in this case is confessedly erroneous, for it includes, as appears from the statement for judgment, not only compound interest, but an increased rate on both principal and interest, after they respectively became payable. The judgment was entered by the Clerk, as provided by statute, in default of an answer. But by whomsoever entered, it is in contemplation of law the judgment of the Court, else

it is no judgment at all.   It follows therefore that if errors are to be found in said judgment and proceedings, they are the errors of the Court.

This judgment is final, unless modified, reversed or affirmed, as provided by law, whether it be upon default, or after a trial—and *all final judgments* may be brought to this Court on appeal, or by writ of error, *and examined*, and affirmed, reversed or modified.   *R. S., Sec.* 1 *and* 2, *Chap.* 81.

It is admitted that a writ of error will lie to such a judgment, and the record being here and we having jurisdiction, I think it the duty of this Court to correct any errors that may be made to appear, and it can make no difference as to our duty in the premises, that the Judge below could also have given relief had application been made to him.   It is to me a singular position to take, that although the statute gives the party a right to bring the case here, we may yet refuse to give him a hearing.   He may well ask for what purpose he is allowed to come to this Court, if he has no *right* to relief at our hands.

In the case of *Karns vs. Kunkle*, this Court held that a writ of error, under our statute, would lie to a judgment upon default, and we would reverse where error was disclosed by the record.

Here the record discloses everything.   It shows the precise nature of the Plaintiff's demand, and that he asked for and obtained judgment for a greater sum than he is lawfully entitled to recover.   What greater reason for affording relief could appear in any case?   The Defendants, it is true, suffered judgment to be given against them by default, with full knowledge of the extent of the Plaintiffs' demand for judgment; but I insist that a Defendant has a right to expect that the officers of the law know and will do their duty; and that the judgment which may be taken against him by default, will be for no more than the facts stated in the complaint will justify. He ought to be able to rely on this so that he may not be put to unnecessary trouble or expense in attending on the Court. If a Plaintiff then takes a judgment for more than his case will warrant, he does so at his peril; and if he does not after-

wards remit the excess, without putting the Defendant to the trouble and expense of moving in the matter, he ought not to complain if the Defendant seeks his remedy in the Supreme Court instead of the Court where the error was committed.

I do not think our refusing to disturb a judgment for errors in the taxation of costs unless the Judge of the Court below has previously passed upon them, interferes in the least with this view of the case. Costs are in one view no part of the judgment. They are merely inserted in or added to the judgment for convenience of collection. The Clerk is the only one having original jurisdiction in the matter of taxation, and his decision is final unless an appeal is taken to the District Judge. The Judge never actually or by implication has anything to do with the determination of the costs, until the matter comes before him on appeal; and until then the question of the amount of the costs cannot be said to have ever been in Court. It is just as improper to come directly to this Court with a question confided in the first instance to the decision of the Clerk, as it would be to bring a case here from a Justice of the Peace, without having first sought a remedy in the District Court.