<hr/>

### JAMES S. REYNOLDS vs. LA CROSSE & MINNESOTA PACKET COMPANY.

When a foreign corporation demurs to a complaint in the District Court, it appears and thereby confers upon the Court jurisdiction over it.

The complaint contained four counts—three upon contract, one for tort. A demurrer being overruled, the clerk below made up the damages for judgment and entered judgment as upon failure to answer, and included therein the amount claimed under the fourth count of the complaint. *Held*—that this was error. *Held*—further, that this Court will correct the error without requiring application for correction to be first made to the Court below, overruling in this respect the case of *Babcock et al. vs. Sanborn et al.* 3 *Minn.,* 141.

The complaint in this action states that the defendant was dur-

ing the year 1863, and now is a corporation, duly incorporated under the laws of Wisconsin, and engaged in business in this State and elsewhere, carrying and transporting goods, &c., and for that purpose owning and running a great number of steamboats. Four separate causes of action are stated in the complaint, the first three of which are upon contract, and the fourth is in the following words, to-wit:

"4th. For a further cause of action, the plaintiff alleges that on or about the 21st of April, 1863, the defendants, by their agents and servants, did break up and destroy about 500 feet of plank, then and there the property of the plaintiff, which plank were then and there worth the sum of five dollars, and thereby the plaintiff was damaged in said sum of five dollars."

Demand of judgment for the aggregate amount of all of said causes of action, with interest, &c.

The defendant by its attorney interposed a demurrer as follows, to-wit:

"And now the said defendant specially appears in this action for the purpose only of making the following demurrer to the plaintiff's complaint, and for no other purpose whatever:

"And thereupon the said defendant demurs to the complaint of the plaintiff in this action, and specifies the following grounds of demurrer, to-wit: That this Court has no jurisdiction of the person of this defendant, for this among other things, to-wit, that it appears by said complaint that this defendant is a foreign corporation, established by the laws of the State of Wisconsin, and has not been created by or under the laws of this State, and has in no wise become subject to the jurisdiction of a Court thereof."

The demurrer was overruled, with leave to answer. Judgment was entered by the clerk, without assessment of damages, for the amount claimed, and defendant sued out writ of error.

LORENZO ALLIS for Plaintiffs in Error.

I.—*Sec. 37, page 622, Comp. Stat.*, provides that no corporation is subject to the jurisdiction of a Court of this territory, unless it

appear in the Court, or have been created by or under the laws of this territory, or have an agency established therein for the transaction of some portion of its business, or have property therein, and in the last case only to the extent of such property at the time the jurisdiction attached.

The complaint in this case shows that the defendants below (plaintiffs in error here,) are a corporation established by the laws of Wisconsin. It does not show, nor does the record anywhere disclose, that they have property in this State, or an agency established therein, or that they have ever been served with any process, or that any legal or regular attempt has ever been made to serve them with any process.

They are not, therefore, subject to the jurisdiction of the Courts of this State.

This being the case, how are they to interpose this objection in this case? How are they to make known to the Court—to bring to the notice of the Court the fact that they are not subject to its jurisdiction? In other words, how are they to plead to the jurisdiction of the Court?

*Sec.* 61, *page* 540, *Comp. Stat.*, directs that when this fact "appears on the face" of the complaint, the defendant must demur.

Under the old system objection to the jurisdiction of the Court was always taken by plea. There were various kinds of pleas, *e. g.*, pleas to the jurisdiction, pleas in abatement, and pleas in bar. Under our present system a technical plea is unknown. All defences are taken by answer or demurrer.

Objection to the jurisdiction of the Court is taken by demurrer, when "it appears on the face" of the complaint; otherwise by answer; but it may always be taken in the one way or the other.

But, says my learned opponent and the learned District Judge below, under *Sec.* 26, *page* 628, *Comp. Stat.*, "A defendant appears in an action when he answers or demurs," and having appeared in Court, a foreign corporation is subject to the jurisdiction of the Court, according to the provision of statute first above quoted.

In other words, a defendant not subject to the jurisdiction of a

Court, and wishing to interpose that objection, proceeds to do so in the way specifically pointed out ·by statute, and thereby waives the objection and becomes subject to the jurisdiction of the Court. Could *reductio ad absurdum* possibly be better illus- trated?

Provisions of law must receive a reasonable interpretation. The appearance spoken of in *sec.* 37, which is to subject a corpo- ration (or any other person—*see sec.* 36 *same page*) to the jurisdic- tion of the Court, must mean a voluntary appearance for the pur- pose of submitting to such jurisdiction, and not an appearance for the sole and exclusive purpose of objecting to such jurisdiction. In other words, it must mean a general appearance for the pur- pose of confessing or defending the action, and not a special ap- pearance, made solely for the purpose of pleading to the jurisdic- tion of the Court itself.

To give the interpretation proposed by the opposite counsel to *secs.* 36–37, *p.* 629, *Comp. Stat.,* would entirely nullify the first clause of *sec.* 65, *p.* 540, *Comp. Stat.* In fact, with such an in- terpretation, neither a corporation nor a natural person could ever take objection to the jurisdiction of a Court by demurrer or answer.

There can be no doubt that the objection to the jurisdiction of the Court is properly taken, and duly raised in this case.

In conclusion it may be remarked that even when a foreign cor- poration have property within this State, yet such corporation are even then subject to the jurisdiction of our Courts only to the extent of such property at the time the jurisdiction attached. Now when does the jurisdiction attach? Clearly when process is served on the corporation or the property. But in the case at bar, no service of process has ever been made on either the com- pany or their property.

The demurrer should have been sustained.

II.—The judgment was erroneously entered in this case. It was entered as in action arising on obligation for the payment of money only, whereas such is not the action. *See clause* 1 *of* (173) *sec.* 165, *Comp. Stat., p.* 555.

GEORGE L. OTIS for Defendant in Error.

I.—The main questions here, as conceded by counsel for plaintiff in error, arise on the demurrer to the complaint. We insist that no other questions can arise here, for no others were passed upon by the Court below, and no objection was taken to any proceeding had subsequent to the demurrer. If the counsel had objections to any such subsequent proceedings, the Court below was the proper tribunal to have passed upon them in the first instance. *Karns vs. Kunkle*, 2 *Minn.*, 313 ; *Babcock & Hollinshead vs. Sanborn & French*, 3 *Minn.*, 141 ; *Hawke and wife vs. Banning & Bucknell*, 3 *Minn.*, 67 ; *Milwain vs. Sanford*, 3 *Minn.*, 147. It is expressly held in the latter case that errors by the clerk in assessing damages under *Comp. Stat., p.* 555, *sec.* 173, will not be reviewed on writ of error to this Court. The party must resort to the Court below in the first instance.

II.—Addressing ourselves, then, to the main question in the case, which appears from the demurrer itself to be merely this, viz: Does it appear from the complaint "that the Court has no jurisdiction of the person of the defendant?" *Comp. Stat.*, 540 ; and we will maintain :

*First.* The jurisdiction here referred to has no connection whatever with the service of process, that is, the Court will never look into the complaint to see what difficulties may be in the way of service of summons, but will leave that to be settled in the regular way and at the proper time; but the complaint, to be objectionable in this particular must show that the defendant is absolutely precluded from having a *status* in Court, that is, must show that the defendant cannot be sued at all in the Courts of this State. It will hardly be contended, since the decision in *Broom et al., vs. Galena, D. & D. & M. Packet Co.*, 9 *Minn.*, 239, that the plaintiff in error cannot be sued here. So far as the questions that arise on this demurrer are concerned, it can make no difference what the complaint shows or what it don't show as long as it shows that the defendant is capable of being sued in this State.

*Second.* The counsel for the plaintiff in error, after citing *Sec.* 37, *page* 622, *Comp. Stat.*, insists that the complaint is defective in not setting out that the corporation has property within the State, or an agency therein. Protesting that this has nothing to do with the question of jurisdiction of the person of the defendant raised by the demurrer, we say—

1. The complaint in the first clause thereof alleges that the defendant owns and is using in this State a large number of steamboats. We suppose the Court will take judicial notice that steamboats are property.

2. If these objections exist to the jurisdiction of the Court the defendant must plead them. The statute expressly provides that a foreign corporation may be sued. *Comp. Stat.*, *page* 605, *Sec.* 5. This is the general rule. If, under the special circumstances of this case the defendant is exempt from this general rule, it must plead them and prove them.

3. If the defendant appears in the action nothing else is necessary to confer jurisdiction, the language of the section in question being, "unless it appear in Court," or have an agency, or property, &c. The complaint cannot allege whether the defendant will or will not appear, and hence cannot show jurisdiction in all cases, nor can we look into the complaint in any case and determine from it alone this question of jurisdiction.

*Third.* This objection to the jurisdiction of the Court is fully answered by the demurrer itself, which is an appearance by the defendant. "A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance." *Comp. Stat.*, *page* 628, *Sec.* 26. This appearance is equivalent to personal service. *Comp. Stat.*, *page* 539, *Sec.* 59. The demurrer, under the code, has no force or efficacy except by the statute, and its effect is fixed by statute, and when the demurrer is put in the statute determines its meaning, and there is no room for argument or construction. It brings the party into Court just as effectually as it raises an issue of law, and for the same reason, viz: the statute has thus provided. The counsel for the plaintiff in error attempts to combat this statute, not by applying the ordinary rules

of construction, for no rule of construction can change or vary so plain a provision as this, but by showing its absurdity, and puts the case to illustrate its absurdity, in these words : "A defendant not subject to the jurisdiction of a Court, and wishing to interpose that objection, proceeds to do so in the way specifically pointed out by statute, and thereby waives the objection and becomes subject to the jurisdiction of the Court. Could *reductio ad absurdum* be better illustrated."

This argument is completely refuted by the fact that no supposed defect in a complaint which an appearance would completely cure could possibly be demurrable, that is, if a complaint is good after the defendant has put in an appearance to the action, it was equally good before that time, and was always good, and hence never demurrable, for the appearance of the defendant can have nothing to do with the sufficiency of the complaint. No such case can ever arise as a complaint showing want of jurisdiction of the person of the defendant on its face, of such a kind as would be cured by the defendant's appearance. There is but one question that can ever arise on a demurrer to the complaint for want of jurisdiction over the person of the defendant, and that is, "Can the defendant be sued in this Court ?" And with this question the appearance of the defendant has nothing whatever to do.

III.—If our first proposition is good, and no errors can be assigned but such as are raised by the demurrer, then the question of regularity in the proceedings, subsequent to the decision of the demurrer, is immaterial. However, we will briefly consider the plaintiff's in error second point : "Was the judgment erroneously entered in this case ?" We have already stated how the judgment was entered.

1. The form of this summons determines this question and settles it. *Comp. Stat., page* 537, *Sec.* 50. If the complaint did not follow the summons in stating the cause of action, then the defendant below could have had his motion to set it aside. *Rider, et als., vs. Whitlock,* 12 *How. Pr. R., page* 209.

2. But the complaint does follow the summons, the whole claim

being on contract or obligation for the payment of money, and the clerk in such case enters the judgment. *Comp. Stat., page 555, Sec.* 173, *Sub-div.* 1. The term "obligation" in the statutes is synonymous with contract, and the term contract when used generally, as in this section, refers as well to unwritten and implied contracts as to express contracts written or otherwise.

*By the Court*—BERRY, J.—We have no doubt that the District Court acquired jurisdiction of the plaintiff in error.

By *sec.* 37, *p.* 629, *Comp. Stat.*, it is enacted that no corporation "is subject to the jurisdiction of a Court of this Territory unless it *appear* in Court," &c.; and by *sec.* 26, *p.* 228, *Id.*, "a defendant appears in an action when he answers, *demurs*," &c. By *sec.* 59, *p.* 539, *Id.*, a voluntary appearance is made equivalent to personal service. In this case the defendant undertook to demur specially, that is, under such protestations as to prevent the demurrer from being taken against him as a general appearance. This he could not do, for the statute, as we have seen, defines the effect of a demurrer in plain language. But the plaintiff in error insists that it is absurd to hold that where a defendant demurs to the jurisdiction of the Court over his person, the very fact that he demurs and therefore appears, gives the jurisdiction which is brought in question. But it is well settled that this ground of demurrer only embraces cases where the Court cannot under any circumstances acquire the jurisdiction. For instance, if a foreign minister were sued in one of our District Courts, he might demur for want of jurisdiction of the person, if the fact that he was a foreign minister appeared upon the face of the complaint. And so far from being deprived of the benefit of his demurrer by his appearance, he would be entitled to an allowance of his demurrer and the Court would be ousted of jurisdiction. It is also to be observed that when the plaintiff in error insists that the complaint is demurrable because certain facts which he deems necessary to give jurisdiction are not alleged, his objection is hardly within the terms of the statute. For his objection is not that it *appears* upon the face of the complaint that the Court has no juris-

diction, &c., but that it *does not appear* that it has jurisdiction, &c., which is another and a different thing, and does not furnish ground for demurrer. *See Powers vs. Ames,* 9 *Minn.,* 178. So far as any objection to the service of the process is concerned, of course nothing could be alleged in reference to that in the complaint, and a demurrer would not reach such objection.

Without dwelling further on these points, we have no doubt that in this case to demur was to appear, and to appear was to give jurisdiction. The views which we entertain are supported by 1 *Monell's Pr.,* 540; 1 *F. & S. N. Y. Pr.,* 368; *Norris vs. Hope Mu. Ins. Co.,* 5 *How. Pr.,* 96; 3 *Code R.,* 161; 8 *Barb. S. C.,* 541; *Rider vs. Whitlock,* 12 *How. Pr.,* 209; *Flynn vs. Hudson River R. R. Co.,* 6 *Id.,* 439; 5 *Id.,* 233.

The fourth cause of action set out in the complaint was for a tort, and it was improperly joined with the three preceding counts, which were upon contract. No objection was taken to the misjoinder, but it is urged that the clerk had no authority to enter judgment upon this count. This depends upon the construction of *sec.* 42, *p.* 562, *Pub. Stat.,* and of *sec.* 173, *p.* 555, *Id.* And we think that these sections do not confer the authority exercised by the clerk in this case, and that it was error for him to enter judgment upon the fourth count. It has, however, been held in several cases by this Court (Ch. Justice Emmett dissenting) that where errors have been committed by the clerk below in making up the damages for judgment, application for correction must first be made to the Court below, and that where this has not been done this Court will not review the errors complained of. *Babcock et al. vs. Sanborn et al.,* 3 *Minn.,* 141; *Id.,* 67, 147. But the statute gives to every party the right to remove to this Court any final judgment of the District Court, to be " examined and affirmed, reversed or modified," and however convenient it might be in many respects if a party were compelled to apply to the Court below in the first instance, for the correction of any error committed by the clerk, it must be admitted that a judgment, though it be entered up by the clerk without the knowledge even of the judge, is in contemplation of law the judgment of the

Court, and in a case like this a *final* judgment.   Reluctant as we are to disturb a rule of practice established by repeated decisions of this Court, we are unable to reconcile the rule with the express provisions of law.   Nor can we perceive how this Court can refuse to examine and correct the errors appearing by the return, without a plain violation of the duty imposed upon it by statute and a denial of justice.   And we cannot see the authority by which a party is required to make application to the Court below in the first instance, so long as no such authority is to be found in the statute regulating the whole subject.   Further discussion of this point is unnecessary, as we concur in the main with the views expressed by Ch. J. Emmett, dissenting, in *Babcock et al. vs. Sanborn et al.*, 3 *Minn.*, 145.

The judgment below is reversed, unless the defendant in error shall, within twenty days from the service of notice of this decision, remit therefrom the sum of five dollars claimed under the fourth count of the complaint and any interest which may have been computed thereon, in which case the judgment is affirmed for the residue.