JOHN SKILLMAN

*vs.*

SAMUEL D. GREENWOOD.

*Subdivision* 1 *of Sec.* 192, *Chap.* 66, *of the General Statutes, as amended, Sess. Laws* 1868, *p.* 123, which authorizes the clerk of the district court to enter judgment if the defendant fails to answer the complaint in an action arising on contract for the payment of money only, when the summons has been personally served, and the plaintiff files with the clerk proof of the personal service of the summons and that no answer has been received within the time allowed by law, is not in conflict with *Sec.* 1, *of Art.* 6, *of the State Constitution,* as conferring judicial power on the clerk.

It is the fact of personal service, not the proof of the fact, which confers jurisdiction on the court to enter judgment, and judgment being rendered by a court of general jurisdiction, the presumption is in favor of its regularity, and when the return shows an admission of personal service signed by the defendant, although the proof of service may be defective, if there is no evidence to show that the summons was not served, judgment will not be reversed.

This action was brought in the district court for Goodhue county, to recover the amount due upon a promissory note made by the defendant. The summons was served upon the defendant, who admitted service in the following words endorsed upon the summons: "Red Wing, Minnesota, May 31st, 1869. Due and personal service of the within summons admitted this 31st day of May, 1869. S. D. Greenwood." After the time for answering had expired, the summons, with the admission of service upon it, and an affidavit of no answer or appearance in the action were filed, and the clerk of the district court entered judgment for the

Skillman v. Greenwood.

amount claimed in the summons.   The affidavit did not show that the signature to the admission of service was in the handwriting of defendant.   The defendant appeals from the judgment to this court, and asks for a reversal upon the ground: 1st, That the judgment was entered by the *clerk* without any order or other direction from the *court.*   2d, That there was no *proof* of personal service of the summons on the defendant, as there was nothing to show that the signature to the admission was made by the defendant.

J. C. McClure for Appellant.

Ives & Skillman and John W. Steel for Respondent.

*By the Court*—McMillan, J.—This action is brought upon a contract for the payment of money, and judgment was entered by the clerk of the district court, at the instance of the plaintiff, for want of an appearance or answer by the defendant, under sub-division 1, of *Sec.* 192,   *Ch.* 66, *of the Gen. Stat. as amended by Sess. L.* 1868, *pg.* 123, which reads as follows:

"Judgment may be had if the defendant fails to answer the complaint as follows:

*First.*   When in an action arising on contract for the payment of money only, the summons has been personally served, and the plaintiff shall file with the clerk, proof of the personal service of the summons, and that no answer has been received within the time allowed by law, the clerk shall thereupon enter judgment for the amount mentioned in the summons against the defendant."   *   *   *   *   *Sess. L.* 1868, *ch.* 84, *Sec.* 1, *pg.* 123.   The first ground of error relied on by the appellant is, that this statute, under which the judgment was entered, confers judicial power on the clerk, and is in contravention of *Sec.* 1, *article* 6 of the con-

stitution of this state, and is therefore void. The section of the constitution referred to is in the following language :

"The judicial power of the state shall be vested in a supreme court, district courts, courts of probate, justices of the peace, and such other courts, inferior to the supreme court, as the legislature may from time to time establish by a two thirds vote."

The practice of entering judgments by default in the manner pursued in the case at bar, has been authorized by statute, and uniformly followed during the existence of both our state and territorial governments; and although such judgments have frequently been called to the attention of the courts on other grounds of objection, no doubt has been expressed that this manner of entering such judgments was regular. The same practice, we believe, exists in many of the states of this country, and in England likewise. It is true that the rendition of a judgment in any case is a judicial act, which according to the letter of the law, can only be performed by the court; and in the early days of the common law it was true in fact and theory, that all judgments were rendered by the courts.

This feature of the common law has long since been greatly modified, and while the presumption and theory still is that all judgments are rendered by the court, yet the fact is they are entered by the prothonotary or clerk out of court, and in some cases without the actual direction of the court or any judge. *Stephens Pl.* 110 ; 2 *Tidd's Pr.* (3*d Am. Ed.*) *ch.* 22 *Tit.* " *Of Judgment by Confession and Default.*" It has already been said by this court with reference to the entry of judgments by the clerk, " it must be admitted that a judgment, though it be entered up by the clerk without the knowledge even of the judge, is in contemplation of law the judgment of the court." *Reynolds*

Skillman v. Greenwood.

*vs. LaCrosse & Minn. Packet Co.* 10 *Minn.* 186. The judgment then being in contemplation of law the act of the court, and the clerk being authorized by the statute to enter the judgment, it cannot be said that the statute confers judicial power upon the clerk. In view of the practice existing in this state, as well as in sister states, and in England, at and long prior to the adoption of the constitution, it cannot be supposed that the framers of that instrument, by the section referred to, intended to change or abolish it. *Wells et al. vs. Morton*, 10 *Wis*, 469. We are therefore of opinion that the statute in question does not conflict with the constitution.

The defendant urges a further objection that there is no proof of personal service of the summons on the defendant, and therefore the entry of the judgment by the clerk was unauthorized. Without stopping to determine whether the record contained sufficient proof of the personal service of the summons, it may be assumed, for the purposes of this case, that the proof of such service contained in the record is defective, yet it does not follow that the judgment must be reversed.

It is the *fact* of personal service, not the proof of the fact, which confers jurisdiction on the court to enter judgment, and the judgment being rendered by a court of general jurisdiction, the presumption is in favor of its regularity; and since the defendant introduces no proof to show that the summons was not personally served, and does not show that the proof of service contained in the judgment roll was the only proof received, the presumption obtains in favor of the judgment that sufficient proof of the service was given. *Gemmell vs. Rice and wife*, 13 *Minn.* 400.

Judgment affirmed.