## *WILLIAM D. WASHBURN

*vs.*

## CARPENTER A. WINSLOW.

At the trial of this action, in which the only issue was as to the existence of an alleged accord and satisfaction of plaintiff's demand, the defendant introduced evidence tending to show, that being indebted to plaintiff for the agreed price of certain logs, upon which plaintiff had a lien therefor, he sold the same, plaintiff assenting, with other logs to C. with the understanding between all parties, that C. should pay over the price to plaintiff, to the amount of plaintiff's claim, and on C's express promise so to do, which promise however, had not been kept ; but there was no evidence tending to show any agreement or understanding, whereby defendant, by reason of such arrangement was to be discharged from his liability to plain tiff. *Held,* That such evidence would not support a plea of accord and satisfaction and that the jury were rightly instructed to return a verdict for plaintiff.

A variance between the pleadings and proof will not be regarded as material in this court, unless the party had proved to the satisfaction of the court below that he was misled by it, and wherein. *Babcock v. Sanborn,* 3 *Minn.,* 141, followed, that this court will not enter tain questions which have not received the actual decision of the court below, unless it is quite evident that substantial error has been committed.

This action was commenced in the district court for Hennepin county. A jury trial was had and a verdict rendered for the plaintiff by direction of the court. The defendant thereupon moved for a new trial upon the case, and appeals

* Mr. Justice BERRY being unavoidably absent took no part in the hearing or decision of this case.

to this court from the order denying his motion. The case is fully stated in the opinion of the court.

Cornman & Lecky and A. H. Young for Appellant.

F. R. E. Cornell for Respondent.

*By the Court,*—Ripley, Ch. J.—The complaint states a contract between the plaintiff and defendant, the substance of which, necessary to be herein stated, is that defendant was to cut, during the logging season of 1867–8, the pine timber fit for saw logs on certain land of plaintiff, and haul the logs to proper positions for driving, paying plaintiff therefor by June 15th, 1868, $2.50 per 1000 feet, till which payment the logs were not to become defendant's property. The complaint further alleges, in substance, that thereunder defendant had cut 384,315 feet of such lumber, but had not paid as agreed, but had wrongfully removed the same from plaintiff's land and converted it to his own use.

The answer denies each and every allegation of the complaint, except that it admits the making of the contract, and that, during the time alleged, the defendant " entered upon the land described in said contract, under and by virtue of said contract, and cut and removed therefrom 335,671 feet of pine lumber." It then alleges an accounting and settlement had between the parties, on June 25th, 1868, of all differences respecting the performance of the contract and of plaintiff's claims for stumpage thereon, and of certain other claims of plaintiff against defendant, and that thereupon the sum of $916.66 was found due to plaintiff; and then pleads accord and satisfaction of all claims of plaintiff on said contract or otherwise.

Washburn v. Winslow.

The case coming on for trial, the parties made the following agreement in open court:

"It is admitted by each party, that the amount of logs admitted in the answer as cut on the land of plaintiff shall be taken as the amount cut, and that the only issue in the case is as to accord and satisfaction." The plaintiff thereupon rested, and defendant, to maintain said issue on his part, introduced evidence tending to show, that, having cut a large number of logs, some on his own land, and to the above amount on plaintiff's land under said contract, he sold and delivered to one Cover 100,000 feet of said logs, part whereof was of those so cut on plaintiff's land; which sale was with plaintiff's consent, with the understanding between all parties, and Cover's express promise that said Cover pay over the price, to the amount of plaintiff's claim on defendant, in respect of the logs so cut on his land, to the plaintiff, which, by agreement between plaintiff and defendant on the 25th June, 1868, had been fixed at $916, and that fact communicated to said Cover. But there was no evidence tending to show any agreement or understanding whereby defendant, by reason of such arrangement with said Cover. was to be discharged from his liability to plaintiff.

At the close of the evidence plaintiff moved for judgment "because defendant had failed to show that plaintiff had accepted the agreement of Cover to pay for the stumpage due Washburn as payment of his claim, and had released defendant"; and defendant moved for judgment because "plaintiff had failed to make out a cause of action;" whereupon the court directed the jury to render a verdict for plaintiff in the sum of $922.66.

Defendant's motion was obviously without foundation. In the absence of proof of satisfaction, plaintiff would, upon

the pleadings and the agreement of the parties, have been entitled to a verdict for the value of 335,671 feet of pine logs estimated at $2.50 per 1000 feet. The answer admits that defendant had cut that amount under the contract, by which he expressly agrees to pay plaintiff by June 15th, 1868, $2.50 per 1000 feet " for each and every 1000 feet so cut." The answer also admits that he had removed the logs from plaintiff's land. At the trial the parties agree that such was the amount cut, and that the only issue was " as to accord and satisfaction," that is whether plaintiff's claim therefor had been satisfied in the manner alleged. If the answer had been simply a plea of accord and satisfaction, it would have admitted plaintiff's cause of action as stated in the complaint, and plaintiff would have been entitled to judgment therefor, if defendant failed to prove the satisfaction pleaded.

The effect of the agreement made at the trial was to change the defence from the one set up in the answer to that of accord and satisfaction of a claim of plaintiff upon the defendant for the value, as stated in the complaint, of 335,671 feet of lumber, cut by him on plaintiff's land under said contract. It admitted such claim as explicitly as if plaintiff had amended his complaint so as to state it, and defendant had amended his answer so as to make it simply a plea of accord and satisfaction thereof; and if defendant failed to prove it, plaintiff was entitled to a verdict.

We think he did so fail, and therefore that the judge was right in directing the jury to find for plaintiff.

When the facts in respect to an arrangement, or accord, have been ascertained, their effect is purely a question of law, and is not to be submitted to the jury. 2 *Greenl. Ev. sec.* 28. The accord was the sale to Cover, with plaintiff's consent, and the understanding of all parties, and Cover's promise above stated. But it was necessary to prove satis-

faction as well, *i. e.*, that plaintiff accepted such promise in discharge of defendant's liability; or, in common parlance, agreed to take Cover for the debt in defendant's place. Whether there was, or was not, evidence tending to show that he had, was for the court, not the jury. As there was not, there was nothing for the jury to try. They were directed to return a verdict for $922.66. It does not appear how this amount was reached. It would seem that on the evidence given by the defendant, the plaintiff was entitled, at least, to $916 and interest since June 25th, 1868, the date of the accounting sworn to by him. The error, however, if it be an error, is in defendant's favor.

The defendant's point that the complaint does not state a cause of action on contract, was not made in the court below. How it is material, we do not see, except on the theory of a variance between the cause of action alleged and that proved.

If there were such, he should have proved, to the satisfaction of the court below, that he had been misled by it, and shown wherein. As he did not do so, the variance, if it existed, will not, in such case, be regarded by the Court as material. *Blackman vs. Wheaton,* 13 *Minn.*, 326, 333; and as the court will not entertain questions which have not received the actual decision of the tribunal from which they come, unless it is quite evident that substantial error has been committed, the point cannot be raised here for the first time. *Babcock vs. Sanborn & French,* 3 *Minn.*, 141.

If the theory of defendant is, that the action was brought for a conversion, and that plaintiff abandoned that cause of action before the trial, and proved no other, and that, therefore, defendant's motion to dismiss should have been granted, we have already stated, that, in our opinion, the plaintiff had made out a cause of action when he rested his case.

Order denying new trial affirmed.