Hayden v. Albee et al.

SAMUEL HAYDEN

*vs.*

HARRIET O. ALBEE, *et al.*

The admissibility of evidence with reference to certain allegations of time in the complaint considered.

The owner of a ford who had habitually used the same in hauling his crops and wood from one part of his farm to another, held competent to testify as to the value of the use of the same as a ford.

In an action in which the plaintiff seeks to have a dam *abated as a nuisance* it is proper for him to show the injury occasioned thereby after the commencement of his action.

The injury arising from the death of growing timber, if such death is caused by an overflow of land prior to the commencement of an action for damages, may properly be included in the damages recovered, though the timber do not in fact die till after the commencement of the action.

Construction of the charge given to the jury in this case.

This action was brought in the district court for Sherburne county, to recover damages for the flowing of plaintiff's land, by defendants' dam, and to abate the dam as a nuisance. The

jury before whom a trial was had, returned a verdict for plaintiff, assessing his damages at four hundred and seventy-five dollars—and found in the form of a special verdict that "defendants' dam should be cut down six inches." A motion for a new trial being denied, the defendants appeal from the order denying the same to this court. The case is so fully stated in the opinion of the court that further statement is unnecessary.

I. ATWATER, for appellants, upon the point that the court erred in admitting evidence in regard to the raising of the dam long after the time it was alleged to have been raised in the complaint, because by pleading specifically the time within which the work was done, he had no right to assume that time was immaterial in this case, cited : 1 *Chit. Plead.* 363 ; *Gould's Pleading,* chap. 3, sec. 93, *p.* 106 ; 2 *Hilliard on Torts,* 77.

Upon the point, that no damages are recoverable in this action except such as had been sustained up to the time of the commencement of the action, he cited : *Dorman v. Ames,* 12 *Minn.* 451.

Upon the point, that " The owners of land on which may be a structure proved a private nuisance, and injurious to the property of another, cannot be held liable for damages resulting therefrom without proof of connection therewith other than mere ownership of the land," he cited : 2 *Hilliard on Torts,* 439, *et seq.*; *Brown vs. Woodworth,* 5 *Barb.* 560 ; *Fish vs. Dodge,* 4 *Denio,* 311 ; *Fisher vs. Therkell,* 21 *Mich.* 1 ; *Johnson vs. Lewis,* 13 *Conn.* 307 ; *Brady vs. Weeks,* 3 *Barb.* 157.

" Upon the point that, the true point in issue, in regard to damages, was simply (so far as the land itself was concerned) what damage the plaintiff sustained by being deprived of the use of it up to the time of bringing suit," he cited, *Blunt vs. Cormack,* 3 *Den.* 283 ; *Hillard on Torts, Vol.* 1, *p.* 573 ; *Thayer*

Hayden v. Albee et al.

*vs. Brooks,* 17 *Ohio,* 489 ; *McKeon vs. Lee,* 4 *Robertson, Superior Cl. R.* 449 ; 37 *Eng. L. & Eq. R.* 37.

KERR & COLLINS, for respondents, upon the point that, " time save as effected by the statute of limitations is immaterial in this case," cited *Stephens on Pleadings, p. 294* ; 1 *Saund.* 24 (*note* 1) ; 1 *Chit. Plead., p.* 428.

Upon the point, that the rule that opinions of witnesses are inadmissible, until foundation has been laid, does not apply to the owner of property testifying as to its value ; and furthermore, the rigor of the rule is much relaxed where the value of property is in question, and the evidence shows that there have been no actual sales of such property, they cited *Derby & Day vs. Gallup,* 5 *Minn. p.* 119 ; *Joy vs. Hopkins,* 5 *Denio.* 84 ; *Lumpkins vs. Low,* 49 *Barb.* 382.

They insisted that the only object of the evidence as to continued overflow after suit, was to enable the court to exercise wisely its discretion as to *abating the nuisance,* and not in any way to affect the damages ; that the correct rule of damages in cases of this kind, is, *the difference between the value of the premises before the injury and the value immediately after the injury,* and cited, *Call vs. Butrick,* 4 *Cush.* 345 ; *Kendrick vs. Bartland,* 2 *Mod.* 253 ; 1 *Frem.* 230 ; *Gleason vs. Gary,* 4 *Conn.* 418 ; *Finch vs. Green,* 16 *Minn.* 355 ; 4 *Dall.* (*Penn.*) 137; *Chase vs. N. Y. C. R. R.,* 24 *Barb.* 273 ; 1 *Hil. Torts, p.* 609, § 18 ; *Hil. Rem. Torts, p.* 463.

Upon the point, that if, solely on account of the acts of defendants complained of, the timber was, at the commencement of the suit, in such a condition that it must, in any event, *necessarily die,* the plaintiff's damages are to be computed as though the timber were then dead ; they cited *Marsh vs. Webber,* 16 *Minn.* 418 ; *Dickinson vs. Boyle,* 17 *Pick.* 78 ; *Damron vs. Roach,* 4 *Humph.* 134 ; *De Costa vs. Mass. Min-*

*ing Co.*, 17 *Cal.* 613 ; *Tarleton vs. McGauley, Peake,* 205 ; *Hil. Rem. Torts, p.* 420 ; *Shaw vs. Cummiskey,* 7 *Pick.* 76.

*By the Court.*—BERRY, J.—The plaintiff brings this action to recover damages for injury to his lands occasioned by defendants' dam across Elk River, praying also that such dam may be abated and enjoined, so far as it is thus unlawfully injurious. The complaint contains a history of the dam in question during a period of fifteen years before the commencement of this action, and among other things, June 1868, and January, February, March and April, 1869, are specified as times at and during which the dam was raised in height so as to cause the overflow complained of. No other times at which the dam was raised except these being specified in the complaint, the defendants claim that the court below erred in receiving, against their objection, evidence as to the raising of the dam after April, 1869.

The gist of the complaint is the unauthorized maintenance by defendants of the dam so as to overflow plaintiff's land to his damage in several respects particularly alleged, though defendants had been duly notified to remove the same so far as injurious to plaintiff. It was, therefore, entirely unnecessary for the pleader to allege that the dam was *raised in height* by defendants at any particular time, or at all. This being the case, it is difficult to see why the allegation that it was raised in the months specified, should preclude plaintiff from showing what he might have shown without any allegation of time, viz.: that it was raised at times other than such specified months, especially when it is considered that the complaint contains no allegation that it was raised at the times pleaded and no other. Besides, there is no reason, so far as we see, why the general rule that allegations of time are for · mal, and need not be proved as laid, does not apply to this

Hayden v. Albee et al.

case. And, finally, even if the materiality of the allegations of time be admitted, the proof received would raise a case of variance merely, which would be disregarded unless defendants showed that they were misled thereby to their prejudice. *Washburn vs. Winslow*, 16 *Minn.* 37.

The testimony of the plaintiff as to the value of the ford from the time it became impassable in consequence of the dam in 1868, to the time of the commencement of this action, was the testimony of the owner of the ford who had habitually used the same in hauling his crops and wood from one part of his farm to the other, and who was, therefore, presumably as well able as any person to estimate the value of its use as a ford, the correctness of his estimate being of course subject to the test of a cross-examination.

The testimony as to the injury to the grass land, and to the wood land, was admissible upon like grounds. The objection that the testimony objected to went to the entire value of the ford, grass land and wood land, and not to the injury done to the same before the commencement of this action, is not, upon the record, well founded in fact.

The defendants further object that plaintiff was permitted to show damage suffered after the commencement of the suit. This was entirely proper with reference to the prayer for the abatement of the dam, for the purpose of showing that the nuisance complained of still continued to exist to plaintiff's prejudice. The charge given to the jury sufficiently instructed them not to include in their verdict for damages any injury occasioned to plaintiff since the commencement of the suit. So far as the wood land was concerned, it was entirely proper to charge that if the overflow prior to the commencement of the action caused the timber to die, it was not important that the timber did not in fact die till afterwards, and the same remark is applicable, in effect, to the charge in

reference to the injury to the grass land. In both cases the *injury* was done before the commencement of the action, so that the charge instead of being in conflict with the doctrine laid down in *Dorman vs. Ames*, 12 *Minn.* 455, is supported by that case.

The general objection taken to the charge, viz.: that it instructed the jury that the plaintiff was entitled to recover the full value of the land overflowed, is not well founded. The charge is very long, consisting of ten distinct propositions, evidently framed with the purpose of instructing the jury very fully as to the proper standard and rule of damages, and fairly read, we think, it cannot be said to have the meaning attributed to it by defendant. On the contrary it, in substance, instructs the jury that the plaintiff (if his proof is sufficient) is entitled to recover for the deprivation of the use of his ford, and for the injury to his grass land, and wood land, and the grass and timber growing thereon, to which there could certainly be no good objection.

The defendants asked the court to charge the jury as follows, viz.: "The owners of land on which may be a structure proved a private nuisance, and injurious to the property of another, cannot be held liable for damages resulting therefrom without proof of connection therewith other than mere ownership of the land." Whether this instruction was good law or not is unimportant. It was properly refused in this case for the reason that the answer not only does not deny the keeping up and maintenance of the dam by defendants which is alleged in the complaint, but the entire tenor, theory and spirit of the answer, admit such keeping up and maintenance by defendants, and are irreconcilable with any denial or attempted denial of the same.

These are all the points made by defendants which we deem it necessary to discuss, and the result is, that the order denying a new trial is affirmed.