STATE OF MINNESOTA *vs.* THOMAS HANLEY.

January 18, 1886.

Criminal Law—Challenge for Implied Bias.—The record of a trial upon an indictment for murder in the first degree showed challenges of jurors by the defendant for *implied* bias. Thereupon questions were asked of the jurors so challenged which were irrelevant to any of the prescribed causes of challenge known as implied bias, but which, if proper at all, would have been so only upon a challenge for *actual* bias. *Held*, that the ground of challenge must be deemed to have been such as is shown by the record, and the questions were properly disallowed.

Same—Murder in First Degree—Instruction as to Evidence.—The court charged the jury that the evidence would not justify a conviction of the defendant of any degree of homicide other than murder in the first degree, the question of insanity as a defence being however submitted to the jury. *Held* justified, the undisputed evidence showing a deliberate and intentional killing; and there being no evidence of provocation or of violence on the part of the deceased, such a killing is presumptively murder; and, in the absence of evidence of a provocation, the jury should not presume that there was provocation.

Same—Insanity as Defence—Burden of Proof.—The burden is upon the defendant to prove the fact of insanity as a defence; following former decisions.

Evidence—Expert Testimony—Hypothetical Question.—An hypothetical question to a witness for the purpose of obtaining his opinion is improper, if the hypothesis includes a material fact which is not supported by any evidence.

Defendant was convicted of murder in the first degree in the district court for Hennepin county, after a trial before *Lochren*, J., and a jury. The indictment was found in the district court for Ramsey

county, and after a trial resulting in a disagreement, a change of venue was granted. Defendant appeals from the judgment.

*C. D. O'Brien* and *J. J. McCafferty*, for appellant.

*William J. Hahn*, Attorney General, *James M. Martin*, and *John W. Willis*, for the State.

DICKINSON, J. The defendant was indicted for murder in the first degree of one Thomas Ryan. Upon trial he was convicted and sentenced to imprisonment for life. By this appeal four grounds of error are assigned.

1. Each juror called for the trial of the cause was challenged on the part of the defendant, for *implied bias,* as appears from the record, and, it having been then stated that the defence relied upon was the insanity of the defendant, the jurors were asked, in substance, whether they had any prejudice or bias against that defence, and whether they were aware of anything in the condition of their minds on that subject which would prevent or interfere with their determining the case impartially and fairly, and giving the defence of insanity its full weight if they believed it. These questions were disallowed. This examination was not relevant to any of the causes for challenge defined by the statute as implied bias, and for which causes only may such a challenge be interposed. *State* v. *Thomas,* 19 Minn. 418, (484.) This is conceded by counsel for the defendant; but it is said that the challenge was made for *actual* and not for *implied* bias, and we are asked to so consider it. On the part of the state, however, it is not conceded that the fact was as the defendant asserts it to have been. We should not be justified in disposing of the case upon an assumption that the fact was different from what is declared by the record. Nor can the nature of the challenge, as actually made upon the trial, be regarded as merely formal, so that any misstatement at the trial of the ground of challenge intended to have been interposed, may be deemed immaterial, and the examination upon the trial of the challenge be referred to a different ground of challenge from that announced. By the statute, different modes of trial are prescribed in respect to different challenges. A challenge for implied bias must be tried by the court alone, while (the indictment being for a capital offence) a challenge for actual bias must be tried before triers ap-

pointed for that purpose. Gen. St. 1878, *c.* 116, §§ 24 *et seq.* Hence, upon the trial before the court of a challenge for implied bias, the examination should be confined to the matters involved in such a challenge, and questions not relevant to such matters should be excluded, although they might be proper upon the trial before triers of a challenge for actual bias. We hence conclude that there was no error in excluding the questions referred to.

2. The court charged the jury that there was no evidence that would bring the case within any of the degrees of homicide other than murder in the first degree, but submitted to the jury the question of insanity as a defence. After a careful consideration of the case, we are of the opinion that the court was justified in so charging the jury. The homicide was committed in a public street in the city of St. Paul, in the day-time, and in sight of several witnesses, whose testimony is in the case, showing the circumstances of the killing. The defendant and Ryan had been partners in business, and there was evidence that the defendant had claimed that Ryan had defrauded him, and that the defendant had used threatening language concerning Ryan. On the occasion in question, Ryan came where the defendant was, when the latter asked Ryan for the partnership books, and, after a very brief interval, the conversation which the parties may have had during this interval not being disclosed, the defendant said to Ryan, "I will shoot you," Ryan responding, "Shoot, then." Thereupon the defendant shot at Ryan with a revolver, while the latter was in a sitting position. Ryan arose from his seat, and walked away from the defendant, but was immediately followed by him, and shot a second time with fatal effect. There was no evidence of any violence being committed or threatened by the deceased at any time. After the shooting, the defendant assigned as a reason for the act that the deceased had robbed (defrauded) him and his family. These facts, as shown upon the trial, were not opposed, nor their effect qualified, by any evidence, excepting such as was directed to the question of the sanity of the defendant. In brief, assuming that the defendant was sane, the uncontradicted evidence showed that the defendant deliberately and intentionally killed the deceased, and no provocation was shown which could in any degree extenuate the criminal char-

acter of the act. This deliberate and intentional homicide was presumptively murder. *State* v. *Shippey*, 10 Minn. 178, (223.)

But it is said that there was time and opportunity, during the interval above referred to, and before the first shot was fired, for the defendant to have become enraged at some remarks which may have been made by the deceased. It is a sufficient answer to this that there was no evidence of any such provocation, even if it be assumed that any language which might have been employed could have constituted a provocation sufficient to mitigate the character of an intentional homicide, so as to reduce the offence to the grade of manslaughter. Upon a consideration of circumstances which *might* have existed, but which are not disclosed by any evidence, the jury could not rightfully have found the defendant guilty of a less offence than that which was shown by the evidence to have been committed. Facts tending to qualify or palliate the intentional killing must be disclosed by evidence on the part of the defendant if they do not appear from the evidence produced by the state. They may not be assumed by the jury without evidence. *State* v. *Shippey, supra; Com.* v. *York,* 9 Met. 93; *Com.* v. *Webster,* 5 Cush. 295; *State* v. *Knight,* 43 Me. 11, 137; 1 Russ. Cr. 770, (9th Ed.;) 1 East, P. C. 224, 340.

3. The court refused to instruct the jury that if they entertained a reasonable doubt of the defendant's sanity they should acquit him. This ruling was in accordance with the law as it has been declared in this state. *Bonfanti* v. *State,* 2 Minn. 99, (123;) *State* v. *Brown,* 12 Minn. 448, (538;) *State* v. *Gut,* 13 Minn. 315, (341.)

4. There was no error in excluding the hypothetical question put to Dr. Boardman, upon cross-examination on the part of the defendant. The question called for the opinion of the witness as to the sanity of the defendant, upon assumed facts stated, one of which assumed facts was not supported by any evidence in the case; that is, the existence of a *delusion* in the mind of the defendant as to the fact of the deceased having defrauded him. *State* v. *Stokely,* 16 Minn. 249, (282.) It was because of this objectionable quality in the question that the court excluded it.

We find no error in the case, and the judgment is therefore affirmed.